## GRIFFIN v. BRANCH BANK AT HUNTSVILLE.

1. Under the statute authorizing a motion to dissolve an injunction in vacation, upon the coming in of the answer, the Chancellor may hear the motion, and make the decree at a place out of his division.
2. The course of practice, in appealing from such a decree, is precisely the same as if the decree was made in term time.
3. An appeal from an interlocutory decree dissolving an injunction, must be taken before the Chancellor.
4. Such an appeal has not the effect to revive the injunction, unless that is so directed by the Chancellor.

MOTION by the plaintiff, for this Court to issue a *supersedeas* to the sheriff of Talladega county, or such other remedial writ as may be proper under the facts disclosed, to set aside a writ of execution issued at the suit of the defendant.

The facts as disclosed by the record, in connection with an agreed statement, are these, to wit: The plaintiff filed his bill in Chancery in Talladega, that being in the northern division, to enjoin the defendant from proceeding on a certain judgment obtained against the plaintiff, and his sureties for some neglect of duty, as sheriff of Talladega county. A *fiat* having been obtained, an injunction was issued, and the defendant, on the 26th of November, 1845, caused a notice to be served on the plaintiff, that a motion would be made before the Hon. Alexander Bowie, the Chancellor of

26

the Northern Division, at Tuscaloosa, on the 8th December, following. At that time and place, the Chancellor made an order dissolving the injunction, but neither the complainant or his solicitor was present. On the 24th of December, the complainant applied to the Register of the Chancery Court at Talladega, for an appeal from that decree to the Supreme Court. The Register required an appeal bond, which the complainant refused to give. Previous to this application for an appeal, the defendant had executed the usual refunding bond, and the Register had certified to the law court the dissolution of the injunction. If, under this state of facts, the complainant was entitled to an appeal when he applied for it, the case is to be considered as if one had been regularly prayed for. The process moved for, is to prevent the law court from proceeding pending the appeal.

S. F. RICE, for the motion, cited Digest, and insisted, the appeal was proper, and is a matter of right. [Wiswall v. Munroe, 4 Ala. Rep. 9.] It was impossible for one in Talladega to be called to attend to the Chancellor in another division of the State, and no order dissolving the injunction could properly be made to then dissolve the injunction.

WHITE, contra, insisted that an appeal must be asked for, when the order appealed from is made and cannot be taken at another time. But if the appeal was properly taken, the court will look into the record, and not suspend the proceedings commenced, when it is certain the order dissolving the injunction will be affirmed.

GOLDTHWAITE, J.—1. It is supposed by the counsel on behalf of this motion, that the order directing the dissolution of the injunction, was made irregularly, because the Chancellor of the northern division of the State, made it at a place without his district. An examination of the statute will show this impression is unfounded. It provides, that "it shall be lawful, when an injunction has been granted, for the defendant, in vacation, after having filed an answer, to present to the Chancellor within whose division the bill may be pending, a copy of the bill and answer, and to apply

for a dissolution of the injunction ; who shall act on such application in the same manner as is prescribed by law in similar applications in court : *Provided*, that ten days notice be given of such intended application ; which notice may be given to the complainant or his solicitor." [Clay's Dig. 358, § 52.] The jurisdiction of each of the Chancellors extends over the whole State, and the one elected for either division may, and frequently must be performing his official duties in another division. Under the act recited, the application to dissolve an injunction in vacation, after the coming in of the answer, can alone be made to the Chancellor in whose division the bill is pending, and if he is allowed to act upon such motions only when within the boundaries of his own division, a failure, or at least a delay, of justice may sometimes result from his necessary absence, when officially engaged elsewhere. As the Chancellor for the northern division may, without question, under the act, dissolve the injunction in this cause, in Franklin county, we can perceive no peculiar hardship which is cast on the complainant, if he does the same thing in Tuscaloosa county. The duty is imposed on the Chancellors of each district, to determine all this class of motions arising in the courts of his district, and we are entirely satisfied the necessary order may be made at any place within the jurisdiction of the State.

2. The motion before us may then be considered precisely the same as if the order for dissolving the injunction had been made at the Chancellor's residence in Talladega, or at the court house of that county. The question is, what course of practice is proper, when a decree of this sort is made in vacation. The party being served with notice, he may be present if he chooses, and if absent, the legal presumption is, that he did not consider the matter of importance sufficient to require his attention. Nor are we aware, that the Chancellor might not have his attention called to all necessary points for the protection of the party, by written communication. If directions to the Register became necessary, in any aspect of the motion before the Chancellor, his action might as properly be indicated or directed in the decree, as it would be if the same motion was considered in term time.

Indeed, there seems to be no material difference between a decree of this nature, made in vacation and in term time.

3. Previous to the act of 1836, (Dig. 357, § 80,) no appeal could be taken to the Supreme Court, from an interlocutory decree dissolving an injunction, and that act does not point out, how the appeal permitted by it, is to be taken, nor does it indicate what its effect shall be on the pending proceedings. To ascertain these matters, we must refer to the practice of our own and other courts, in analagous cases. In our own courts, very few cases have arisen under this statute. The first is Russell v. Pearce, 9 Porter, 276, in which a writ of error was sued out, but that was dismissed, as not pursuing the statutory remedy. In Long v. Brown, 4 Ala. Rep. 622, and Dunlap v. Clements, 7 Ib. 539, which were appeals from interlocutory decrees of this description, the appeals seem to have been prayed for during the term. And such we infer, is the general course of practice, under the statute. In Chancery cases, when final decrees have been pronounced, the party may have either a writ of error or an appeal, at his option, (Clay's Dig. 355, § 64,) and the only distinction made between them, in practice, is believed to be, that the appeal is prayed, and allowed in term time, and the writ of error is sued out in the clerk's office. In England, the proceedings upon an appeal from the Chancellor, originate by petition to the House of Lords, (2 Smith's Ch. Pr. 22,) and in New York, is specifically provided for by statute, (1 Barbour's Pr. 408.) It is evident, therefore, that no light can be derived from thence, to aid us in the ascertainment of what the proper practice is. The reason why the proceedings for appeals to the House of Lords originate there, may be found in the fact, that the jurisdiction of the Peers was not acquiesced in by the early Chancellors, and it was found necessary to enforce it by fines and other punishments. See cases cited by Chancellor Walworth, in Hunt v. Mayor &c. of Albany, 3 Paige, 381. If we examine the course of Practice in other courts, which proceed according to the course of the civil law, such as courts of admiralty, and the ecclesiastical courts, we see at once the practice, in removing a cause from an inferior court to one that exercises appellate jurisdiction. One mode was, to appeal during the sitting of the court, immedi-

ately after the decree; and the only other, within ten days after the decree, by an act before a notary. [1 Brown Civ. & Ad. 494; 2 Ib. 435.] The latter mode is said, by Judge Story, never to have obtained in the courts of this country. The course of practice which seems to have been adopted, in the few cases which, under this statute, have found their way to this court, is the only appropriate one, in the absence of any specific rule, inasmuch as we have no warrant from from the statute to recognize the act of the Register, in allowing the appeal, and the Chancellor below might not recognize his power to do so.

Having thus ascertained, that the appeal under this statute must be taken before the Chancellor, when sitting in term, it follows the same course must be pursued when the motion is heard in vacation. The result of our investigation is, that as the appeal is improperly taken, the motion asked for must be denied. It also results, that the appeal will be dismissed, if a motion is made for that purpose.

4. But if the appeal had been properly taken, its effect would not be to revive or reinstate the injunction. A similar statute, in many respects, is in force in New York, and under that, the constant practice is, to consider the injunction as entirely dissolved, notwithstanding an appeal is taken under the act. [Hunt v. Mayor &c. of Albany, 3 Paige, 381; Graves v. Maguire, 6 Ib. 379.] The course there, is to apply to the Chancellor for a temporary injunction, pending the appeal, if the case is of an extraordinary nature, or its justice requires such action. [See cases before cited.] In our own court, when the appeal is taken from the final decree, and bond given to supersede, an injunction is not revived. [Boren v. Chisholm, 3 Ala. Rep. 513; Garrow v. Carpenter, 4 S. & P. 336.] It will be evident, the same rule must obtain with respect to interlocutory decrees, when it is considered that no bond, under the existing laws, will secure the party against whom the appeal is taken, in the event of an affirmance, against the damages which may result to him, from not being permitted to proceed according to his right.

Motion refused.