COMMONWEALTH *vs.* JOHN LATTINVILLE.

Middlesex.     Jan. 8. — May 6, 1876.     AMES & DEVENS, JJ., absent.

If a complaint, under the St. of 1875, *c.* 99, does not allege that the person com‑ plained of was unlicensed to sell intoxicating liquor, it will be presumed that he had a license to sell generally.

A sale and delivery of intoxicating liquor to a minor, for his parents' use, is not a sale to a minor within the St. of 1875, *c.* 99, § 6, *cl.* 4.

COMPLAINT under the St. of 1875, *c.* 99, § 6, *cl.* 4, alleging that the defendant, at a time and place named, "did sell intox‑ icating liquor to one Fanny Stewart, she the said Fanny Stewart being then and there under twenty-one years of age." Trial in the Superior Court, before *Lord,* J., who allowed a bill of ex‑ ceptions in substance as follows:

The evidence offered by the government showed that Fanny Stewart, a minor, was sent by her mother, an adult, who fur‑ nished her with money for the purpose, to the defendant's saloon to buy intoxicating liquor for the mother's use, and found a boy there, who sold the intoxicating liquor to her, and received the money for the same. The defendant was away at the time and knew nothing of the sale. The judge ruled, for the purposes of the trial, that such sale was a sale to a minor, although she was sent by her mother to make the purchase, and the liquor pur‑ chased was for her mother. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. F. Johnson*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

LORD, J. The complaint in this case does not allege that the defendant was unlicensed as a seller of intoxicating liquors. It is therefore to be presumed that he was licensed to sell generally as provided by law.

The statute, however, prohibits the sale or delivery of intoxicating liquors to a minor. St. 1875, *c.* 99, § 6, *cl.* 4. The precise question in this case is, whether the sale or delivery of intoxicating liquor to a minor, who is simply doing an errand for another, or, as this case finds, for his parent, is within the prohibition. The court are all of opinion that it is not. Under previous laws an unlicensed sale was prohibited, irrespectively of the person to whom made ; and this court held that a sale made to the agent of another, when the agency was undisclosed, might be alleged to be a sale to the agent. *Commonwealth* v. *Very*, 12 Gray, 124. The sale was a prohibited sale. It was necessary to name the purchaser, not to give character to the act, but for the purposes of identification, that the defendant might know at the trial what charge he was to meet, and that afterwards if necessary he might be able to plead a former conviction or acquittal. Under this complaint, the person to whom the sale is made is material ; it is the element which gives character to the act, and is the only criminal element in the transaction. The mischief which the statute designs to prevent is the possession of intoxicating liquor by a minor for his own use and subject to his own control. If this view of the subject needed support it would be found in the 15th section of the act, which provides that " Whoever, by himself or his agent or servant, shall sell or give intoxicating liquor to any minor, or allows a minor to loiter upon the premises where such sales are made, shall forfeit one hundred dollars for each offence, to be recovered by the parent or guardian of such minor in an action of tort."

The sale in this case was not a sale to a minor, within the meaning of the statute, and therefore the

*Exceptions must be sustained.*