### COMMONWEALTH *vs.* MICHAEL FINNEGAN.

Suffolk.    March 28. — 30, 1878.    AMES & MORTON, JJ., absent.

A sale and delivery of intoxicating liquor to a minor, who has authority from hi
parent to buy for him, and who states at the time that he is so buying, but in fac
buys it for his own use, will support a complaint under the St. of 1875, c. 99, § 6
*cl.* 4, although the seller believes and relies upon the statement of the minor.

COMPLAINT under the St. of 1875, *c.* 99, § 6, *cl.* 4, charging
a sale of intoxicating liquor to Robert E. Devine, a minor, on
May 30, 1877.   Trial in the Superior Court, before *Allen,* J.,
who allowed a bill of exceptions in .substance as follows :

The government introduced evidence tending to show that,
on May 30, 1877, Devine, who was a minor, and two other boys,
made up the sum of twenty-five cents, for the purpose of buying
whiskey; and that he subsequently, with one of the boys, went
to the defendant's place of business and bought of him a bottle
of whiskey.

The defendant admitted the delivery of the whiskey to De-
vine, but offered evidence tending to show that Devine, at the
time the whiskey was ordered, stated to the defendant that his
mother was sick, and had sent him to get the whiskey for her;
that the parents of Devine had previously requested the defend-
ant to sell and deliver to their children such liquors as they
might order, upon the parents' account; that the defendant had
done so frequently; that, on the day in question, the mother of
Devine had given him a bottle and twenty-five cents and in-
structed him to go to the defendant's place and procure for her
a half pint of whiskey; that Devine went upon the errand, but
did not return with the whiskey; and that he believed and re-
lied upon the statements of Devine at the time the whiskey was
ordered.

The defendant asked the judge to rule that if Devine's mother
sent him with money and a bottle to procure whiskey for her,
and he so stated, and the defendant, believing his statements and
relying upon them, thereupon delivered the liquor to him, the
defendant could not be convicted of selling to him ; and that, if
the mother sent him to procure the liquor for her, and Devine so
stated to the defendant, and the defendant had no reason to

doubt the truth of such statement, he could not be convicted, although Devine then had the intention undisclosed, or, subsequently to the delivery of the whiskey, formed the intention, of using the liquor himself.

But the judge refused so to rule; and instructed the jury, " that if Devine, when he bought the whiskey, acted under authority from his mother, and bought it for her, the defendant could not be convicted; but if he did not act under authority from her, but bought the whiskey for himself and the other boys, it would be a sale to him, although he had authority from his mother to buy for her, and stated to the defendant that he was buying for her, and the defendant believed that he was so buying."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*C. R. Train*, Attorney General, *& W. C. Loring*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The instructions given were correct and sufficient. St. 1875, *c.* 99, § 6, *cl.* 4. *Commonwealth* v. *Lattinville*, 120 Mass. 385. *Roberge* v. *Burnham, ante*, 277.

*Exceptions overruled.*