No. 10,836.

## HOLMES v. THE STATE.

CRIMINAL LAW.—*Competency of Witness.—Credibility.*—Under sections 1798, 496 and 497, R. S. 1881, any child over ten years of age is a competent witness in a criminal cause, so far as his age is concerned, whether he understands the nature and obligation of an oath or not, and his credibility is a question for the jury.

SAME.— *Instructions.— Refusal of Special Instructions.— Legal Presumption.— Supreme Court.*—In the absence from the record of the court's instructions to the jury, the refusal of the court to give special instructions asked for, even if they state the law correctly and are applicable to the case, will not constitute an available error; for, in such case, the Supreme Court will presume that the trial court refused to give such instructions because it had already given the substance of them in its own charge to the jury.

INTOXICATING LIQUOR.—*Sale to Minor.—Defence.*—In a prosecution for the unlawful sale of intoxicating liquor to a boy eleven years old, the statement of the boy at the time, or the belief of the defendant founded on such statement, that the liquor was for the boy's sick mother, constitutes no valid or legal defence.

From the Montgomery Circuit Court.

*J. R. Courtney,* for appellant.

*F. M. Howard,* Prosecuting Attorney, and *J. H. Burford,* for the State.

HOWK, J.—This prosecution was commenced upon affidavit, before a justice of the peace of Montgomery county. The affidavit charged in substance, that at and in Montgomery county, on the 6th day of February, 1882, the appellant unlawfully sold a certain intoxicating liquor, in a less quantity than a quart at a time, at and for the price of ten cents, to one Joseph Dobson, who was then and there a person under twenty-one years of age, contrary to the form of the statute, etc. Before the justice, upon arraignment and plea of not guilty, the appellant was tried, found guilty and adjudged to pay a fine, from which judgment he appealed to the court below.

The cause was there tried by a jury, and a verdict was returned finding the appellant guilty as charged, and assessing

his punishment at a fine in the sum of $20.    Over his motion
for a new trial, and his exception saved, the court rendered
judgment on the verdict.

In this court the only error assigned by the appellant is
the overruling of his motion for a new trial.    We deem it
necessary to a proper understanding of the questions presented
and discussed by counsel in this cause, and of our decision of
those questions, that we should first give a statement of the
case, as made by the evidence.

Joseph A. Dobson testified in substance that he was eleven
years old, and knew the appellant; that on the evening of
the 6th day of February, 1882, he went into the appellant's
saloon to get some whiskey ; that he said to the appellant he
wanted a dime's worth of whiskey for his mother, who was
sick ; that appellant took from him the bottle he had and filled
it, and he gave appellant ten cents and went out; that he got
whiskey in the bottle, and took it down to the culvert, by the
side of the railroad track, and drank it, but appellant was not
present at the time he drank it; that he got the whiskey in a
medicine bottle and paid ten cents for it, but he did not know
how much the bottle would hold, but thought it was less than
a quart; that he bought the whiskey in Montgomery county,
Indiana ; that John Wilson was along with him, but stayed out-
side while he went in to get the whiskey ; that he told the appel-
lant his mother was sick and wanted ten cents' worth of whiskey ;
that before that time his mother had sent him two or three
times to get ten cents' worth of whiskey from the appellant; and
he got it; but that, at the time of which he had testified, his
mother had not sent him, although he had told the appellant
that his mother was sick, and had sent him for the whiskey.

Several other witnesses testified on the trial, but none of
them contradicted the evidence of the boy, Dobson, on any
material point.    The appellant testified in his own behalf
that, in making the sale complained of, he believed and relied
upon the statements of young Dobson, and that he was in fact
selling the whiskey to the boy's mother who was sick, and that

Holmes v. The State.

his intention and belief were that he was selling the whiskey to her, and not to the boy. On cross-examination he further said that the boy's mother lived just across the street from him and he saw her frequently; but he could not remember that she had ever told him to let her boy have whiskey.

The first point made by the appellant's counsel in argument is that the boy, Joseph A. Dobson, was not a competent witness. In sec. 1798, R. S. 1881, it is provided that "all persons who are competent to testify in civil actions" are competent witnesses in criminal causes. In secs. 496 and 497, R. S. 1881, it is provided in effect, as applicable to the question in this case, that all persons shall be competent witnesses in a civil action, except "Children under ten years of age, unless it appears that they understand the nature and obligation of an oath." The evidence showed without conflict that the boy, Dobson, was eleven years of age; and therefore it is clear that, under the statute, he was a competent witness, whether it did or did not appear that he understood the nature and obligation of an oath. When it appeared that he was not "under ten years of age," it appeared that he was a competent witness; and his credibility was a question for the jury.

Counsel next complains of the court's refusal to give the jury certain instructions at the appellant's request. These instructions were as follows:

"1. If you believe from the evidence that the defendant, at the time of the making of the sale alleged in the affidavit, intended the sale to be made to Anna Dobson, or intended and believed that the goods were for her, then you must acquit the defendant.

"2. If you believe from the evidence that the defendant, at the time of the alleged sale, intended the liquor to be used for medicinal purposes, and made the sale in good faith so believing, then you must acquit the defendant.

"3. If the defendant, at the time of the alleged sale, believed the liquor sold was for Anna Dobson, then you must acquit the defendant."

In section 1823, R. S. 1881, it is provided that on the trial of a criminal cause, after the evidence is concluded, and the argument, if any, is closed, " The court must then charge the jury," and " must state to them all matters of law which are necessary for their information in giving their verdict." In the case at bar, the record fails to show that the court did not, at the close of the argument, discharge its plain statutory duty; and, therefore, we are bound to conclude that, in the discharge of such duty, the court at the proper time did instruct the jury upon all matters of law necessary for their information in giving their verdict. But the court's instructions to the jury are not set out in the record of this cause. If, therefore, it were conceded that the instructions above quoted contained the exact law of this case, we could not know from the record before us, in the absence of the instructions given, that the court had not refused to give the instructions asked by appellants, because it had already given their substance in its own instructions. In criminal as well as in civil causes, the legal presumption is that the trial court committed no error in its refusal to give the instructions asked for; and this presumption will prevail in this court until it is removed or overborne by other matter properly in the record. *Freeze* v. *DePuy*, 57 Ind. 188; *Myers* v. *Murphy*, 60 Ind. 282; *Stott* v. *Smith*, 70 Ind. 298; *Bowen* v. *Pollard*, 71 Ind. 177.

We are of opinion, therefore, that the error of the court, if it were an error, in its refusal to give the instructions asked for, was not so saved in or presented by the record before us as to make such error available for the reversal of the judgment below. We may add, however, that the instructions quoted are not the law, as applied to the facts of this case, and were, therefore, properly refused. The law will not excuse the unlawful sale of intoxicating liquor to such a mere child as the boy, Dobson, whether made by a druggist or a saloon keeper or licensed retailer, upon the statements of the boy or the belief of the vender, founded on such statements

as that the liquor was for the boy's sick mother. Especially so where the evidence shows, as it does in this case, that the sale was recklessly made to a child of tender years, without any caution or proper enquiry. We can not disturb the verdict on the evidence.

The judgment is affirmed, with costs.