GEORGE RITCHER *v.* THE STATE.

1. SALE OF LIQUOR. *Minor as agent for undisclosed principal. Evidence.*

　R. was indicted for selling liquor to a minor. On the trial, the sale having been shown, R. offered to prove by the minor that the purchase was made for the minor's uncle, who received the liquor and furnished the money which was paid for it; but there was no offer to prove that such agency was known to the defendant when the sale was made. This testimony was excluded. *Held*, that it was properly excluded. For if the minor was acting as agent it was an agency for an undisclosed principal, and as in such case either might be treated as the buyer of the liquor, R. is guilty of the charge of selling to the minor.

2. SAME. *To a minor. Punishment therefor. Sections 1115 and 1112, Code of 1880, construed.*

　Under § 1115, Code of 1880, which declares that any one convicted of selling liquor to a minor shall be fined not less than one hundred nor more than one thousand dollars, it is error to sentence a defendant so convicted to imprisonment. Section 1112, Code of 1880, does not apply to such offense, but provides punishment for other violations of the liquor laws.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

George Ritcher was indicted by the grand jury of Wilkinson County for selling liquor to a minor. He was convicted and sentenced to pay a fine of one hundred dollars and to be imprisoned in the county jail for ten days. Thereupon he appealed to this court. The other material facts presented by the record are stated in the opinion of the court.

*T. V. Noland* and *D. C. Bramlett,* for the appellant.

The object of the statute, for the violation of which appellant was convicted, clearly is to prevent minors from being debauched by the use of liquor. It is to prevent them, when young and inexperienced, from acquiring a habit deleterious, morally, mentally, and physically, and surely never intended that a minor child or servant could not execute an errand of purchase for the father or master. In other words, to prevent actual purchases by and for minors, and not to prevent their performing duties owed to their superiors. In this case we find from the meagre testimony which the court graced the case with, that the liquor was bought, not for the minor but for other persons. And that we could, in defense of our client, show that the liquor was really not bought by the minors in the meaning of the statute is, we conceive, beyond question. To say that a housekeeper who sends a minor child or servant to buy for them some articles of household consumption is not the purchaser, seems to us absurd. And what or where is the difference, so far as who is the real purchaser, between a ham, or pound of sugar, and a pint of whisky or wine. The question at last is, who is the purchaser? and this is the person who parts with the consideration and acquires ownership of the goods. The language of the statute is sell, etc., and not delivered, etc. Section 1115.

There was no power or authority in the court below to impose the judgment of imprisonment. Section 1115 of the Code of 1880, under which appellant was indicted, only provides a fine for its violation. Nor can the penalty provided for in any other section of the code apply to a violation of this. See *Fahey et al.* v.

*State,* 62 Miss. 402. And we respectfully submit that the judgment of the court below should be set aside.

*T. M. Miller,* Attorney General, for the State.

1. I submit that the statute is plainly violated wherever in the *act* of sale a minor figures as the purchaser without any reference to the ultimate destination or ownership of the liquor. *Selling to a minor* is the offense. Is it not straining the statute and interpolating therein to say that, although the *actual* transaction was between the saloon-keeper and the minor, no offense had been committed because the *property* did not pass to him?

It has been held that in an indictment for selling liquor without license, if the sale was made to one who acted in the purchase as agent of the buyer, it is sufficient to allege the sale to have been made to the agent. *State* v. *Wentworth,* 25 N. H. 442.

2. If this court shall be of the opinion that only a fine could be imposed, then it will only reverse so much of the judgment as imposes imprisonment. Sections 1115 and 1112, Code 1880, have already been construed *together* by this court in the case of *Fahy* v. *The State,* 62 Miss. 402. It was said in that case that § 1115 fixed the penalty for selling to a minor, and that § 1112 involved any person *interested* in the liquor sold. It was not presented nor decided that the fine to be imposed under § 1115 was to be the sole penalty.

COOPER, C. J., delivered the opinion of the court.

The appellant has been indicted and convicted of selling liquor to a minor. The fact of the sale was established by the party to whom the liquor was delivered, and the defendant then proposed to prove by the witness that he had been sent by his uncle to obtain the liquor; that the uncle furnished the money, and that the liquor was in fact delivered to him by the witness. Upon objection by the State this testimony was excluded, and on this action the first error is assigned. The proposition of the appellant is that if the purchaser acted not for himself but as agent for another the sale was to the principal and not to the agent, and since the principal was adult there has been no violation of law.

It is sufficient to say that if the infant was agent, he was agent for an undisclosed principal, and under such circumstances had he been *sui juris* there would have been a right of action in himself on an executory contract, and he would have been liable to a suit by the seller, who at his option might treat the contract either as one made with the principal when discovered or with the agent. The appellant had the right to know, at the time of the contract of sale, whether he was dealing with one acting for himself or with a mere agent, and if the agent concealed or failed to disclose the fact that he was but an agent the right of the appellant to recover on the contract, if the sale had been on credit, could not have been denied upon the ground that there was not a sale to the party whom he alone knew in the transaction. The fact that in this case the sale was for cash and not on credit, and the further fact that the appellant and not the agent is objecting to the legal consequences of what was done, cannot vary the result. The question is, was there a sale to the particular person? We reply that there was. *Commonwealth* v. *Kimball,* 7 Met. 308; *Commonwealth* v. *Very,* 12 Gray 124.

The court erred in sentencing the defendant to imprisonment as a part of his punishment. Section 1115 of the Code of 1880 declares what the punishment shall be for the offense of selling spirituous liquor to a minor, viz.: a fine of not less than one hundred nor more than one thousand dollars. Section 1112 defines the punishment for a violation of other provisions of the act. *Fahey* v. *The State,* 62 Miss. 402.

*The judgment is reversed and judgment directed to be entered here condemning the appellant to pay a fine of one hundred dollars and costs of the prosecution, and to stand committed until the same is paid.*