## COMMONWEALTH *vs.* PATRICK O'LEARY.

Bristol. Oct. 26. — Nov. 24, 1886. DEVENS & W. ALLEN, JJ., absent.

A complaint, on the Pub. Sts. c. 100, § 9, *cl.* 4, alleging a sale of intoxicating liquor to a minor, may be maintained by evidence that the sale was made, by a person having a license, to a minor for the use of an adult, although the fact of its being for such adult's use was disclosed at the time of the sale.

COMPLAINT, on the Pub. Sts. *c.* 100, § 9, *cl.* 4, alleging that the defendant, on June 1, 1884, at New Bedford, unlawfully sold intoxicating liquor to one Jane O'Connell, she being then and there a minor, under the age of twenty-one years. At the trial in the Superior Court, before *Staples*, J., the following were admitted by the parties to be the facts, for the purpose of the trial:

On a certain day in June, 1884, Jane O'Connell was a minor under the age of twenty-one years. Her mother, a woman of full age, furnished her with money, and sent her to the defendant's place of business in New Bedford, to buy a half-pint of whiskey. She told the defendant that her mother sent her for a half-pint of whiskey for the mother's use. Thereupon the defendant delivered the whiskey to Jane, the mother not being present, and Jane paid him for it with the money so furnished by her mother. She then carried the liquor to her mother, and delivered it to her for her use. The defendant was duly licensed, at the time, to sell intoxicating liquor, and could lawfully sell and deliver it to the mother personally.

The defendant asked the judge to rule that an allegation of sale to Jane could not be sustained upon these facts, as Jane was the agent of a disclosed principal.

The judge refused so to rule; and instructed the jury that, upon these facts, if believed, the jury were warranted in convicting the defendant.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown*, for the defendant. An unlawful sale of intoxicating liquor to the agent of an undisclosed principal may be alleged as a sale to either the agent or principal. *Commonwealth* v.

*Kimball,* 7 Gray, 328. *Commonwealth* v. *Very,* 12 Gray, 124. *Commonwealth* v. *McGuire,* 11 Gray, 460. But evidence of an unlawful sale of liquor to an agent, with notice that he was purchasing for his principal, will not support an allegation of sale to the agent. *Commonwealth* v. *Remby,* 2 Gray, 508. Upon facts precisely like those in the case at bar, this court has held that an allegation of sale to the child will not support the complaint. It must be alleged as a sale to the mother as a disclosed principal. *Commonwealth* v. *Lattinville,* 120 Mass. 385. See also *St. Goddard* v. *Burnham,* 124 Mass. 578, where the above case is cited with approval. But the government contends that this rule of pleading has been changed by the St. of 1880, *c.* 239, § 3. Pub. Sts. *c.* 100, § 9, *cl.* 4. The St. of 1875, *c.* 99, § 6, *cl.* 4, provided that "no sale or delivery shall be made on the premises described in the license to a person known to be. a drunkard, or to an intoxicated person, or to a minor." The St. of 1880 added after the words "or to a minor" the following words : "for his parent's use, or for the use of any other person."

While the defendant concedes that the delivery or gift of intoxicating liquor, as well as the sale thereof, to "a person known to be a drunkard," or "to an intoxicated person," or "to a minor," under any circumstances, is an unlawful act and may be punishable, yet the extension of the liability as to minors does not authorize or excuse a change in the rules of pleading already established. Delivery to a person known to be a drunkard, to an intoxicated person, or to a minor, unaccompanied by any contract of sale, express or implied, would involve a forfeiture of the license, as well as punishment; for *c.* 100, § 18, provides that "whoever violates any provision of his license or of this chapter shall be punished by fine of not less than fifty dollars." So a sale to a disclosed principal, through an agent, on the Lord's day, or "between the hours of twelve at night and six in the morning," is unlawful and punishable by § 9, *cl.* 2. Such a sale must be alleged to be to the disclosed principal. This is apparent because that clause excepts innholders who supply liquor to guests who have resorted to the house for food and lodging. It might become an important element of defence to show that the principal was a guest. This would be true also if the agent was

a minor, who, by his parent's order, took from the landlord such liquor and carried it to his parent's room, both stopping at the inn as guests, and the landlord being informed that it was at the parent's charge and direction. The delivery might be unlawful, but the contract of sale was with the parent.

*E. J. Sherman,* Attorney General, for the Commonwealth.

FIELD, J. The defendant is charged with unlawfully selling intoxicating liquor to one Jane O'Connell, a minor. By the admitted facts, it appears that the contract of sale was made by the defendant with Jane as the agent of her mother, an adult person, and the defendant at the time of the sale knew this, and delivered the liquor to Jane for the use of her mother.

The decisions under the provisions of statute which prohibit the sale of intoxicating liquor without license or authority, are to the effect that a sale by an unlicensed person to the agent of an undisclosed principal may be alleged either as a sale to the agent or to the principal, but that a sale by an unlicensed person to an agent whose principal is disclosed at the time of the sale must be alleged as a sale to the principal. *Commonwealth* v. *Kimball,* 7 Met. 309. *Commonwealth* v. *McGuire,* 11 Gray, 460. *Commonwealth* v. *Very,* 12 Gray, 124. *Commonwealth* v. *Remby,* 2 Gray, 508. *Commonwealth* v. *Gormley,* 133 Mass. 580.

The St. of 1875, *c.* 99, § 6, *cl.* 4, provided " that no sale or delivery of liquor shall be made on the premises described in the license to a person known to be a drunkard, or to an intoxicated person, or to a minor." Under this provision of the statutes, it was held that the sale and delivery by a licensed person of intoxicating liquor to a minor for the use of another person, although the fact that the liquor was bought for another person was undisclosed, was not a sale to a minor. *Commonwealth* v. *Lattinville,* 120 Mass. 385. *Commonwealth* v. *Finnegan,* 124 Mass. 324. *St. Goddard* v. *Burnham,* 124 Mass. 578.

In consequence, perhaps, of these last decisions, the St. of 1880, *c.* 239, § 3, was passed, by which *cl.* 4 of the St. of 1875, *c.* 99, § 6, was amended by adding to it these words: " And that no sale or delivery of intoxicating liquor shall be made to a minor for his parent's use, or for the use of any other person, or to a person who is known to have been intoxicated within the

six months next preceding." The commissioners on the Public Statutes reported these two provisions together, without any verbal changes, but in enacting the Public Statutes slight changes were made, although it is plain that no change in the law was intended. The Pub. Sts. c. 100, § 9, cl. 4, provide as follows: " That no sale or delivery of liquor shall be made on the premises described in the license to a person known to be a drunkard, to an intoxicated person, or to a person who is known to have been intoxicated within the six months next preceding, or to a minor, either for his own use, the use of his parent, or of any other person."

The ground of the distinction between the two classes of cases, which have been cited was said to be, that a sale by an unlicensed person was a prohibited sale without regard to the person to whom the sale was made, and the purchaser was named in the complaint only for the purpose of identifying the offence; but that a sale by a licensed person to a minor was only prohibited because the sale was to a minor, and the minority of the purchaser was a constituent element of the offence, and it was said that the mischief which the St. of 1875 was designed to remedy was the possession of intoxicating liquor by a minor for his own use. Now, under the Public Statutes, the sale and delivery by a licensed person to a minor on the licensed premises is equally an offence, whether made for the use of the minor or for the use of any other person, and the analogy of the cases upon sales by an unlicensed person shows that, if the principal is undisclosed at the time of the sale, the sale may well be alleged as a sale to the minor. In the case at bar the principal was disclosed, and it must be conceded by the admitted facts that not only the title to the whiskey passed by the sale from the defendant to the mother, but, if the sale had been upon credit, the credit would have been given solely to the mother; and the contention of the defendant is, that by the rules of pleading the act of the defendant could not be alleged as a sale to the minor, but should have been alleged as a sale to the mother, and a delivery to the minor for the mother's use. We think that a contract for the sale of intoxicating liquor, made with a minor as the agent of a disclosed principal, is a sale to a minor for the use of another person, within the meaning of the

statute, and that it may be so alleged in the complaint. It is true, perhaps, that technical words in a complaint must be held to have their technical legal meaning, and other words their common and popular meaning, and that statutes may use both technical and common words in an unusual sense, and that in such a case it might not be sufficient in a complaint to follow merely the words of the statute; but our cases show that, in a complaint for a sale of intoxicating liquor to a person in violation of the statutes relating to intoxicating liquors, the word " sale " is not used in its technical legal sense, because it includes an exchange by way of barter as well as a sale for money, and is supported by evidence of a sale to the person as the agent of an undisclosed principal, when the property passes, not to the agent, but to the principal.

In common speech, as well as by the words of the statute, the delivery of intoxicating liquor to a minor, under a contract of sale made with him as the agent of a disclosed or undisclosed principal, is a sale to the minor for the use of the principal. This complaint charges an unlawful sale to a minor, and it may be argued that the legal construction of the charge is that the defendant unlawfully sold to a minor for his own use, and that, if the sale was to a minor for the use of his parent or of any other person, this should be alleged in the complaint, and that there is a variance. This raises the question whether a complaint for unlawfully selling intoxicating liquor to a minor should allege that the sale was either made for his own use, or for the use of his parent, or for the use of any other person. It is manifest that, if the use must be alleged, only one use can be alleged in one count, and that the proof must conform to the allegation. The statute intended to prohibit all sales or deliveries of intoxicating liquor to a minor, and the enumeration of the uses in the St. of 1880 was to remedy the defect of the St. of 1875, which, as held by this court, only prohibited the sale or delivery of intoxicating liquor to a minor for his own use. The ground on which it is contended that the person for whose use the sale was made must be alleged is, that it is necessary to identify the offence; which is the ground on which it has been held here that the person to whom the sale was made must be alleged, or he must be alleged to be a person unknown. But it

has never been held here that the price at which the liquor was sold, or that the quantity or kind of intoxicating liquor sold, must be alleged. There is clearly some limit to the necessity of allegations for the purpose of identifying the offence. It has been said, that the offence ought to be so far identified that the defendant may know what charge he is to meet, and may be able afterwards to plead a former conviction or acquittal. As it is the same offence whether the liquor was sold for the use of the minor, or for the use of his parent or of any other person, and the gist of the offence is the unlawful sale of intoxicating liquor to a minor for the use of any person, we are of the opinion that the person for whose use the sale was made need not be alleged. The act of the defendant is defined with sufficient certainty by charging him, at a time and place named, with selling, unlawfully, intoxicating liquor to one Jane O'Connell, who was then and there a minor. *Exceptions overruled.*