## W. A. MONAGHAN *v.* THE STATE.

1. SALE OF LIQUORS. *Purchase by minor as agent for adult.*
    Where a minor obtains liquor from a dealer, as the agent of an adult, for whom and with whose money he procures it, and to whom he takes it, and the dealer is so informed at the time it is gotten, this does not constitute a sale to such minor.

2. STATUTES. *Judicial construction.    Casus omissus.*
    The courts will not yield to considerations of expediency, and supply by judicial construction what is palpably omitted from a statute.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

Appellant, a retail liquor dealer, was convicted of selling liquor to a minor.    One Stovall, an adult, requested Beene, a minor, who was passing his home to tell the clerk of appellant to send him a quart of a certain brand of whisky.    The minor did as requested, telling the clerk at the time that the whisky was for Stovall.    He gave the clerk fifty cents which had been handed to him by Stovall for the purpose, and after obtaining the whisky left it at the house where Stovall had requested him to leave it.

The court declined to instruct for the defendant that these facts did not amount to a sale to the minor, but for the state gave an instruction to the effect that delivery of the whisky to the minor, whether for himself or for any one else, and receipt from the minor of the price, constituted a sale to the minor and rendered the dealer guilty under the statute.

*J. L. Finley,* for appellant.

There was no sale to the minor.    He was a mere errand boy. He was the agent of Stovall and so informed the clerk of appellant.    If the whisky had been sold in this way, the minor, even if *sui juris,* could not have been made liable for the price, as he was the mere agent of a disclosed principal.

*T. J. Wharton,* acting attorney-general, for the state, commented upon the recent case of *Commonwealth* v. *O'Leary,* 143 Mass. 95, and the reasoning there employed, and conceded that it impressed

66 MISS.—33

him strongly with the conviction that the action of the court in this case upon the instructions was erroneous.

ARNOLD, C. J., delivered the opinion of the court.

The doubt suggested by the attorney-general, based on the decision of the supreme court of Massachusetts, in *Com.* v. *O'Leary,* 143 Mass. 95, in regard to the propriety of the action of the court in giving and refusing instructions, is well founded. The instruction for the state should not have been given, and that asked by the appellant should not have been refused.

Beene, the minor, acted merely as the agent of Stovall, the adult, in the matter. Beene informed the clerk, when he obtained the liquor, that it was for Stovall—it was paid for with Stovall's money, and was taken to the place designated by Stovall, and he received it without its being opened by the minor. These facts are shown by the state's witnesses, and they are not controverted.

In legal contemplation, the sale was to Stovall and not to Beene. *Com.* v. *Lattinville,* 120 Mass. 385 ; *Seigle* v. *People,* 106 Ill. 89 ; *Young* v. *The State,* 58 Ala. 358 ; *Johnson* v. *The State,* 63 Miss. 228 ; *Com.* v. *Remby,* 2 Gray 508.

To " sell " liquor to a minor is what is forbidden by the statute. Code, § 1115. Merely to deliver liquor to a minor, with notice that it is to be carried to an adult, is not a sale within the meaning of the statute. *Com.* v. *Lattinville,* 120 Mass., *supra.* We cannot extend the terms of a criminal statute beyond its clear legal meaning. We cannot construe the word " sell " in the statute to mean something different from its ordinary legal import.

Undoubtedly, a minor may be an agent or lawfully go on errands for an adult, and a person may buy through an agent, and in such case, there being no question of the fact of agency, although the dealing is with the agent, and the delivery is to him, in legal effect the sale is to the principal. The law is, that where a person contracts as agent, or he is known to be such, the contract is with the principal, and not with the agent; but where the agent deals in his own name, and the principal is not disclosed or known, the contract is with the agent and he is liable. 2 Kent Com. *631.

If it appears from this view, that the statute under consideration may be easily evaded, that only proves the necessity of its amendment.    It furnishes no excuse for supplying by judicial construction what is palpably omitted from it.    *Seigle* v. *People,* 106 Ill., *supra.*

*Reversed and remanded.*