CHARLEY YAKEL V. THE STATE.

*No. 3766.    Decided November 28.*

**Selling Liquor to Minor.**—Article 376 of the Penal Code provides, that "Any person who shall knowingly sell or give, or cause to be sold or given, any spirituous, vinous, or intoxicating liquor to any other person under the age of 21 years, without the written consent of the parent or guardian of such minor, or some one standing in their place or stead, shall be fined not less than $25 nor more than $100." In a prosecution for a violation of this statute, where it appeared from the evidence that a father sent his boy, 12 years of age, for the liquor purchased, that defendant sold him the liquor, for which the boy paid him, and it further appeared that the boy had no written authority from his father to purchase said liquor, *held*, that defendant was guilty and properly convicted of a violation of said statute. See an elaborate dissenting opinion by Hurt, J., in which many authorities are collated and reviewed.

APPEAL from the County Court of Harrison. Tried below before Hon. A. H. Cooper, County Judge.

Appellant was tried under an indictment which charged him with unlawfully and knowingly selling intoxicating liquor to a minor without the written consent of the parent, guardian, or any one standing in the place of such parent or guardian of said minor, was convicted and his punishment assessed at a fine of $25.

The opinion sufficiently states the facts.

*Pope, Wilson & Lane,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for a violation of article 376 of the Penal Code. This article provides that "Any person who shall knowingly sell or give, or cause to be sold or given, any spirituous, vinous, or intoxicating liquor to any other person under the age of 21 years, without the written consent of the parent or guardian of such minor, or some one standing in their place or stead, shall be fined not less than $25 nor more than $100."

The evidence discloses that the minor, a boy of 12 years of age, was sent by his father for whisky; that he purchased same from appellant, and paid for it. Appellant requested a charge substantially in accordance with the above facts, directing an acquittal if the jury believed the testimony, which was refused by the court. The essence of the offense charged against defendant is selling intoxicating liquor to a minor without proper authority, with knowledge of the minority of his vendee. To sustain the conviction, the State must prove the sale to the minor without the proper written consent, and that the defendant knew the party to whom the sale was made was a minor. Pressler

v. The State, 13 Texas Ct. App., 95; Lantznester v. The State, 19 Texas Ct. App., 320.

By the statutes of some of the States, a vendor of intoxicating liquors may sell to a minor upon the written consent of the parent or guardian of such minor, and in others he can not. 11 Am. and Eng. Encyc. of Law, pp. 701, 703, and notes. These statutes authorizing sales upon the written consent of the parent, etc., are similar to the article of the code under which appellant was convicted. In all these States it is held that the party selling or giving liquor to minors can not justify the act by establishing the fact that he did so by the order or with the consent of the parent or guardian unless that consent was in writing. Bish. Stat. Crimes, sec. 237; Mascowitz v. The State, 49 Ark., 170; Pounders v. The State, 37 Ark., 399; The State v. Coenan, 48 Iowa, 567: The State v. Clottu, 33 Ind., 409; Holmes v. The State, 88 Ind., 145; Adler v. The State, 55 Ala., 16; The State v. Lawrence, 97 N. C., 492; 11 Am. and Eng. Encyc. of Law, pp. 700–703, and notes.

We do not understand that the requested instructions question the rule laid down by the decisions referred to, but the contention of appellant is that the written consent is not necessary when the intoxicating liquor is sold or given the minor for the use and benefit of the parent or guardian, and that the party selling or giving can justify the sale or gift provided said guardian or parent verbally consented to or authorized such sale or gift for such purpose. If this contention be correct, then it follows necessarily that the vendor can also justify such sale, whether there be any consent at all, in fact, provided he believed there was. I do not so understand the statute, do not think it will bear such construction, and do not think such was the intention of the Legislature in enacting it. It is as much a violation of the statute to sell a minor intoxicating liquor for the use of his guardian or parent without the legal authority provided for as it is to sell to the minor for his own use without such authority. I can see no difference under the provisions of the statute. By its terms all sales and gifts of intoxicating liquors are prohibited, except such as occur with the written consent of the parent, etc. There are no exceptions to the rule. I am not commenting upon the matter of knowledge. The Legislature was not providing for the regulation of saloons, for that has been done by other legislation. That body was denouncing a penalty for selling and giving the inhibited intoxicants to minors. The statute was enacted in the interest of the youth of the country. Against them the entrance to the saloon, bar room, and drinking places was intended to be closed, except as provided.

Courts are not authorized to ingraft exceptions into the statute. Speaking of a similar statute, the Supreme Court of Iowa, in The State v. Coenan, 48 Iowa, 567, said: "It is contended by the defendant that if it be shown that the parent's consent was obtained, it is immaterial

whether it was obtained in writing or not. To this it is sufficient to say that it is not for us to override an express provision of the statute because, in our judgment, the provision is unnecessary. Besides, the provision in question seems to us to be a wise one. It is calculated to insure deliberation on the part of the parent, * * * and, in addition, it is calculated to secure such evidence of the fact of consent as will prevent litigation upon the question as to whether the consent was given."

In Michigan, under a statute prohibiting the selling, furnishing, or giving intoxicating liquors to minors, the Supreme Court, in construing it, Morse, J., delivering the opinion, said: "It is not an uncommon thing in cities for parents and others to send children of tender years into the dram shops after liquor. It makes no difference, in my opinion, under the law, whether the liquor thus procured is to be used by the adults or the children. It is within the statute which prohibits the sale, giving, or furnishing of liquors to minors. Any other holding must subject children to the temptations that surround and abound in the saloon, without remedy." People v. Garrett (Mich.), 36 N. W. Rep., 234 (Judge Campbell dissented).

Recurring to our statute, it is evident to my mind, if the exception authorizing the sale to the minor upon the written consent stated be eliminated, it would be a violation of law without reservation to knowingly sell intoxicating liquors to a minor in this State. Then, with the exception included, it can be only sold as provided, and in no other way. If the construction contended for by appellant be the correct one, it is apparent that the law could be evaded with impunity, and would soon become a "dead letter" upon the statute book, because proof that the prosecuted vendor believed the minor was purchasing the liquor for the use of the parent or guardian at the time of the sale would entitle him to an acquittal. This is the logic of the appellant's proposition contained in his charge requested.

It would be no answer to the statute to say that the construction sought to be imposed would only apply in cases of necessity. The question would suggest itself at once as to what constitutes the necessity, who is to judge of it, and what state of facts would bring it about. Such necessity could only arise beyond the terms of the statute, and the courts are not authorized to engraft such exceptions upon it or uphold them when suggested.

Under such a construction necessities would multiply rapidly, the fathers and mothers of minors would soon be afflicted with many of the ills that "flesh is heir to," whisky would be the only specific for such ills, and the liquor vendors would soon become the victims of the evil designs and wicked machinations of the minors of the country. In every case the intent to violate the law would be wanting.

Statutes should be so construed as to prevent mischievous consequences.   Such construction finds itself supported in the good order of society, protection of the weak against the strong, and should be favored, and more especially if such a construction be in opposition to one that would tend to bring about evil results.   The People v. Garrett (Mich.), 36 N. W. Rep., 234; Holmes v. The State, 88 Ind., 145; The State v. Fairfield, 37 Me., 517; The State v. Coenan, 48 Iowa, 567; 11 Am. and Eng. Encyc. of Law, p. 702, note 2.

The purpose and object of the Legislature in enacting the statute being known, it is the duty of the courts to so construe it as to conform to that intent and carry out such purpose.   It should also be construed with statutes *in pari materia* and kindred legislation generally.

In looking to the subject matter of the statute, we find its purpose to be to prevent the sale of liquors to minors, and we find but one exception contained in the law.   That exception is plainly and unambiguously stated.   It places an absolute inhibition upon the sale to minors, save upon the written consent of the parent, etc.   This exception is the only authority for selling liquor to minors in this State.   That fact clearly manifests the intention that moved the legislative mind.   Every act of the Legislature upon the subject, either directly or indirectly, prevents and prohibits the very presence of minors in and about saloons.

These laws are intended for the protection of the youth, and not the saloons and dram shops.   The very doors of these drinking places are closed against all minors, and under the laws of this State they can not enter these save to purchase liquor upon the written consent of their parents, etc.   The proprietors are prohibited from permitting minors in their saloons under heavy penalties.   The construction herein set forth is the only one of which article 376 of the Penal Code is susceptible.   The court did not err in refusing to give the special requested instructions in charge to the jury.   They do not embody the law.

This disposes of other questions raised by bill of exceptions as to rejection of testimony.   The motion in arrest of judgment is not well taken.   There is no error in the record, and the judgment is affirmed.

*Affirmed.*

HURT, JUDGE, dissenting.—I regret that I can not agree with my brothers in the view taken of this case.   The statement of the case, contained in the opinion of Judge Davidson, is not as clear as it should be. The undisputed facts bearing upon the question in regard to which we differ are:   Rolin Williams gave his son Johnnie Williams, who is a minor, 25 cents, instructing him to go to the saloon of the appellant and buy him (Rolin Williams) a bottle of whisky.   The minor swears: "I told Mr. Yakel that my father was sick, and that my father had told me to tell Mr. Yakel to send him a bottle of whisky."   The appellant delivered the whisky to Johnnie, and Johnnie delivered the same to

his father. Rolin Williams states, that "I sent Johnnie Williams after the whisky. I gave him 25 cents, and told him to get the whisky for me."

The question, and the only question, is; Was this a sale to Johnnie Williams the minor, or was it a sale to Rolin Williams the father? If the sale was to the minor, then this conviction should stand. If to the father, the conviction should be set aside. The first position of Judge Davidson seems to be, that a person "selling or giving liquor to a minor can not justify the act by establishing the fact that he did so by the order or with the consent of the parent or guardian unless that consent was in writing." This proposition is self-evident; it is unquestionably correct. Why? Because it is expressly prohibited by the statute. The sale would be to the minor, and the attempt of the accused would be to justify by a verbal order or permit. This is the very thing prohibited.

The next position is, that "It is as much a violation of the statute to sell a minor intoxicating liquor for the use of his parent or guardian without the legal authority provided for as it is to sell to the minor for his own use without such authority."

This may or may not be so, depending upon two facts: (1) Did the father or guardian in fact send the minor for the whisky? (2) Was the whisky dealer informed before he delivered the whisky to the minor that the father or guardian had sent for the whisky? If these were the facts, then I undertake to say that the statute would not be violated. The Coenan case (The State v. Coenan, 48 Iowa, 567), does not support the position taken by Judge Davidson. Why? Simply because the liquor was sold to the minor.

We desire to carefully notice the Michigan case (The People v. Garrett, 36 N. W. Rep., 234). What were the provisions of the Michigan statute, and upon what ground or reason was the opinion based? The statute declared it unlawful "to sell, furnish, or give any spirituous, malt, fermented, or vinous liquors to any minor." The accused, in that case, was convicted for furnishing liquor to a minor. The facts were: A boy came to the place of business with a written order from a grown-up person in these words: "Please let the boy have one bottle of beer and oblige William F. Meyer." The liquor seller asked the lad if the beer was for Mr. Meyer, and he answered it was. He thereupon sold him the bottle. Defendant testified that he had frequently sold and sent beer to Mr. Meyer, who was in the habit of sending for it, and supposed he had done so in this case. The order in fact was not signed by Meyer, and the boy really wanted the beer for himself. The order was written and given the boy by some other person. Now, upon what ground or reason did the court affirm the judgment? I will let the opinion answer the question. The statute is not only aimed at the selling, but prevents also the giving or furnishing of liquor as a

beverage to a minor.   The defendant must have known that the boy might taste or drink of the beer before he got across the street if he desired.   It must be held that the *Legislature intended to prevent the delivery of liquor to children; that they should touch not, taste not, handle not.* The inhibition to furnish to minors means that the liquor shall not be delivered to—that the child shall not be permitted to handle the unclean stuff.   Is the statute of Michigan and our own the same in their provisions?   Does our statute prohibit the delivery of liquor to minors— that they shall not handle it?   Our statute prohibits the sale or gift to minors, and such a statute has been construed by all the authorities to mean that the sale or gift to the minor must be for the minor's own use.   This, however, further on.   It will be noticed that the court in the Michigan case did not say that there was a sale to the minor.

The next proposition contended for, in the opinion of Judge Davidson, is "that if the construction contended for by appellant in this case be the correct one, it is apparent that the law would be evaded with impunity and would soon become a dead letter upon the statute book, because proof that the vendor believed the minor was purchasing the liquor for the use of the parent or guardian at the time of the sale would entitle him to an acquittal.   This is the logic of the appellant's proposition contained in his charge requested."

Before noticing this proposition, I desire to make some observations in regard to the different phases presented by such statutes as the one under consideration.   Let us suppose that the messenger sent by the parent or guardian fails to disclose his principal—that is, fails to inform the dealer that the liquor is for the parent or guardian—but in fact the parent had sent for it, and the dealer sells to the messenger or agent.   This would evidently be a sale to the agent.   Again, suppose that the agent tells the dealer that the liquor is for another person when in fact it was not—that he had no authority from such other person to make the purchase.   This would be a sale to the agent, and the dealer could recover the price or value of the liquor from the supposed agent. These propositions are supported by the following authorities: Ritcher v. The State, 63 Miss., 304; Ross v. The State, 17 Hun (N. Y.), 591; Holmes v. The State, 88 Ind., 145.

But on the other hand some authorities hold not that it would not be a sale to the agent, but that if the dealer had used the greatest precaution and diligence to ascertain the truth under the circumstances of the case he would not be guilty of a violation of a statute prohibiting the selling of liquor to minors.

We have held that under pressing and urgent necessity the dealer would not be guilty though the father in fact did not send the minor for the liquor.   But whether we are correct or not in thus holding does not affect the question at issue in this case.

From the rules stated in the above authorities, it is not at all probable that the statute would be a dead letter on the book; and from the number of convictions in other States for the violation of similar statutes, it will be seen that the law breakers do not frequently escape punishment; and upon these statutes have been placed the precise construction contended for by appellant in this case.

It is not thought necessary to reply to what is said in the opinion of Judge Davidson in regard to the proposition of saloons being prohibited from permitting minors in their saloons under heavy penalties, because appellant in this case stands on trial for selling liquor to a minor, and the proof must support this contention.

It is stated in the opinion, that "the construction herein set forth is the only one of which article 376 of the code is susceptible." This is a remarkable position or assertion, when we consider the number of States with similar statutes, and the fact that such statutes have been so frequently construed by the highest courts. It is remarkable that no case has been cited which supports the "only construction of which article 376 is susceptible." The opinion of my brothers stands alone. It is without support in an authority so far as my researches have gone.

Have we no authority upon the question at issue? Let us restate the issue, and then see if the construction given to article 376 is the "only one of which it is susceptible."

A gives his servant 50 cents and sends him to a saloon with instructions to purchase a pint of whisky. The servant goes to the saloon, informs the dealer that he has come for a pint of whisky for A. The dealer receives the money and delivers the whisky to the servant. To whom was this whisky sold—to the servant or to A? Who was the vendee in this sale? Was it A, or the agent or servant? If the servant, agent, or messenger was the vendee, then my brothers are correct. If A was the vendee, then they are not correct. The fact that the money was paid for the whisky does not affect the question.

Let us again illustrate. A writes an order to B to this effect: Send by bearer one pint of whisky and charge to A. Upon this order the whisky is delivered to the bearer of the order and charged to A. Could B collect the value of the whisky from the messenger? He could not. Will any one question his right to recover from A? These propositions are so clear that they are beyond the pale of argument or discussion. But if the agent or messenger was the vendee in the sale, it is evident that B could not recover from A. In the opinion of the majority of the court it is held that the agent or messenger is the vendee, for it is held the sale was to him. This is clear, because there must be a sale to the agent or messenger in order to convict, and there can be no sale without a vendee.

But it may be suggested that the illustrations do not suppose the agents or messengers to be minors. This is correct, and it is not necessary, for whether the agent or messenger be an adult or minor would not affect the question at issue; because if in the case put the agent or messenger would not be the vendee, the fact that he was a minor would not make him a vendee.

I will give one more illustration. A, a white man, writes an order to his grocer to this effect: Send me by bearer one gallon of whisky. Signed A. The bearer delivers the order to the grocer and the grocer sends the whisky and charges it to A. Now the bearer is a colored boy, the servant of A, and 20 years of age. The grocer knows him to be a minor. The bearer is neither the son nor the ward of A. If the conclusion reached by my brothers be correct, then the grocer would be guilty of a violation of the statute; but it is not evident that the whisky was not sold to the colored boy. Is it not absolutely certain that the sale was to A? Is it not beyond cavil or question a sale to A?

And now, keeping in mind the assertion that the construction placed upon article 376, in the opinion of the majority of the court, "is the only construction of which it is susceptible," let us examine the authorities.

In the case of The State v. Walker (9 S. E. Rep., 582), the facts were: Fred. Gardner, a youth about 9 years old, was the son of John Gardner. John sent Fred. to one Bergeron, a liquor dealer (and for whom Walker was clerk), for whisky. Walker, the clerk, delivered the whisky to Fred. for his father by direction and upon the order of the father. Under these facts the counsel for defendant Walker requested the trial court to instruct, "That if the defendant knew the liquor was for the father and not for the minor, and that the minor was only the messenger for the father, defendant is not guilty. That the father had the right to use his son as a messenger to carry liquor to him. That if the father purchased the liquor for himself and the defendant knew this, then under the facts as testified in this case it would be a sale to the father and not to the son, and defendant would not be guilty." This instruction was refused, and the judge instructed the jury that if they believed the evidence defendant was guilty. The defendant excepted; there was a verdict of guilty, judgment, and appeal.

The Supreme Court said: "We are unable to see how this, under the facts stated, can be regarded as either a sale or gift to the minor. It was not a gift to anybody. It was a sale to the father, and the son was only a messenger. It was not a sale to the son."

In The State v. McNair (Jones, N. C., 180), the proof was that the defendant had delivered liquor to a slave upon order and for one Higgs, who was overseer. The court held a conviction upon this evidence to be erroneous. What was the statute upon which the prosecution was

based? Prior to emancipation it was unlawful to sell or give liquor to slaves without the written consent of the owner or manager of the slaves. In disposing of the case Nash, C. J., said: "The act had no intention to abridge the legitimate use of his slave by the owner. It is still left him. It is not denied that he may use him as his agent."

In Commonwealth v. Lattinville (120 Mass., 385), the decision was upon a statute which prohibited the sale or *delivery* of liquor to minors. The facts were: A minor was sent by her mother, the latter furnishing the money, to defendant's saloon to buy liquor for the mother's use. The minor found a boy there who sold the liquor to her and received the money. The trial judge ruled that such a sale was a sale to a minor, although she was sent by her mother to make the purchase, and the liquor was for the mother. There was a verdict of guilty. On appeal the Supreme Court, Lord, C. J., delivering the opinion, said: "The precise question in this case is whether the sale and delivery of intoxicating liquor to a minor, who is simply doing an errand for another, or, as in this case, stands for his parent, is within the prohibition. The court are all of the opinion that it is not. * * * The sale in this case was not a sale to a minor within the statute, and therefore the exceptions must be maintained. The mischief which the statute designs to prevent is the possession of intoxicating liquor by a minor for his own use and subject to his own control." We will recur to this decision again.

In Managham v. The State (6 South. Rep., 241) the case is directly in point. Managham was indicted for selling liquor to a minor. Stovall, an adult, gave to a minor some money and requested him to go to the saloon of Managham and tell him to send him some liquor like that he (Stovall) had previously bought. The minor went to the saloon, delivered the message and the money to Rolin, the defendant's clerk, received the whisky, and carried the bottle containing it unopened to Stovall. The trial court instructed: "If you believe from the testimony that defendant, or any one in his saloon for him, delivered to Bean, a minor, whisky either for the minor or any one else, and received from said Bean money for the whisky, you will find the defendant guilty as charged." The trial court refused to charge as follows: "If the jury believe from the evidence that Bean (the minor) simply carried the money to Rolin, and told Rolin that Stovall said for him to send one quart of whisky, and delivered it where Stovall had directed him to, then the sale was to Stovall, and they should find the defendant not guilty." On appeal the Supreme Court on these facts say: "The doubt suggested by the Attorney-General, based upon the decision of the Supreme Court of Massachusetts, in Commonwealth v. O'Levey (143 Mass., 95), in regard to the propriety of the action of the court in giving and refusing instructions, is well founded. The instruction for the State should not have been given, and that asked by the appel-

lant should not have been refused.     \*   \*   \*     In legal contemplation the sale was to Stovall and not to Bean."   Commonwealth v. Lattinville, 120 Mass., 385; Seigel v. The People, 106 Ill., 89; Young v. The State, 58 Ala., 358; Johnson v. The State, 65 Miss., 228; Commonwealth v. Remby, 2 Gray, 508.

The court in that case further say:   "To sell liquor to a minor is what is forbidden by the statute; merely to deliver liquor to a minor with notice that it is to be carried to an adult is not a sale within the meaning of the statute."   I desire the reader to note this further language: "We can not extend the terms of a criminal statute beyond its clear legal meaning.   We can not construe the word 'sell' in the statute to mean something different from its ordinary legal import.   Undoubtedly a minor may be an agent, or lawfully go on errands for an adult, and a person may buy through an agent, and in such case, although the dealing is with the agent and the delivery is to him, *in legal effect the sale is to the principal.*   The law is, that if a person contracts as agent, or he is known to be such, the contract is with the principal and not with the agent; but where the agent deals in his own name and the principal is not disclosed or known, the contract is with the agent and he is liable."   2 Kent Com., 631.   "It appears," continues the opinion, "from this view that the statute under consideration may be easily evaded.   That only proves the necessity of its amendment.   It furnishes no excuse for supplying by judicial construction what is palpably omitted from it."

In Commonwealth v. O'Levey, 143 Massachusetts, 95, the question was one of pleading or variance between allegation and proof, but the case is instructing.   The complaint alleged a sale of liquor to a minor. It was held that the complaint could be maintained by evidence that the sale was made by a person having a license, to a minor for the use of an adult, although the fact of its being for such adult's use was disclosed at the time of the sale.   Counsel for appellant contended that the complaint must allege the sale to the mother, as she was disclosed as the principal.   Counsel admitted that a delivery or gift of liquor as well as a sale thereof to a minor for his own use, or the use of another and with the knowledge that the minor was acting for another, was an unlawful act and could be punished; but contended that the extension of the liability as to minors did not authorize or excuse a change in the rules of pleading already established.

The Supreme Court did not sustain this view of counsel.   Said the court:   "The statute of 1875 provided that no sale or delivery of liquor \*   \*   \*   to a minor," etc.   Under this provision of the statute it was held that the sale and delivery by a licensed person of intoxicating liquor to a minor for the use of another person, although the fact that the liquor was bought for another person was undisclosed, was not a sale to a minor.   Commonwealth v. Lattinville, 120 Mass., 385; Com-

monwealth v. Finnegan, 124 Mass., 324; St. Goddard v. Barnham, 124 Mass., 578. In consequence, perhaps, of these last decisions, the statute of 1880 was passed by which the statute of 1875 was amended by adding to it these words: "That no sale or delivery of liquor shall be made on the premises to a person known to be a drunkard, to an intoxicated person, or to a person who is known to have been intoxicated within the last six months next preceding, or to a minor, either for his own use, the use of his parent, or of any other person."

We see from this that the statute of Massachusetts of 1875 was construed to prohibit the sale or delivery to a minor for his own use. So far as the selling to minors is concerned, this statute is like our own. A majority of the court have construed the statute so as to make it prohibit sales to minors, either for the use of the minor, the parent, or other person, though the principal was disclosed at the time of the sale. It seems very clear that in Massachusetts it took an act of the Legislature to so extend the meaning of the law. In Texas, the end—the extension of the law beyond the expressed legislative intent—has been accomplished by judicial construction.

Pertinent to remarks of the opinion of the majority in regard to the law being a dead letter, I desire to call attention to one other case. In Seigel v. People (100 Ill., 89) the court say: "There is no definition of what shall be held to constitute a sale to a minor, nor is it specified what evidence shall be deemed sufficient proof thereof, but the question is left to be determined by settled common law principles. The word 'sell' has a well known legal meaning, and in the absence of anything to the contrary appearing in the statute we must assume that it is here entitled to have that signification. * * * We can not extend the terms of a criminal act beyond its clear, legal meaning. We can not construe the word 'sell' in such a statute to mean something different from its ordinary legal import, and we can therefore only understand a prohibition against persons selling to minors to extend to those who, in legal estimation, occupy the position and are under all the obligation of contractors with minors. * * * It may be conceded, as claimed by counsel for the people, that this view shows that the section under consideration may be easily violated without probability of the punishment of the violators, but that only proves the necessity of its amendment. It furnishes no excuse for supplying by judical construction what is palpably omitted."

When the Legislature of Texas prohibits the giving or selling to minors liquors for their own use, the use of their parents, or of any other person, I will assist in the enforcement of such law. But I can not agree to give to our present statute such a meaning by construction. In concluding, I propound the question: Is the statute under discussion susceptible of any other construction than that fixed upon

it by the opinion of Judge Davidson? If the opinions of learned courts can establish a principle or rule of construction I think it is, and rest my conclusion upon the reasoning in the cases I have cited. My opinion is that the undisputed facts in this case do not show a violation of the statute.