# CHARLESTON.

## STATE v. MCNEAL.

Submitted June 11, 1909.    Decided December 7, 1909.

1. INTOXICATING LIQUORS—*Illegal Sale—Sale to Minor.*

It is not an offense in a licensed saloon keeper to deliver to a minor intoxicating liquor under an order from the minor's father to the saloonist under a prior agreement between the father and the saloonist that whenever the father should send the son with a written order, the saloonist should let the son have whatever liquor it called for, for the father's use.    (p. 412).

Error to Circuit Court, Randolph County.

Peter McNeal was convicted of selling liquor to a minor, and brings error.

*Reversed.*

*Strader, Greynolds & Strader,* for plaintiff in error.

*William G. Conley, Attorney General,* and *D. E. Mathews, Assistant Attorney General,* for the State.

BRANNON, JUDGE:

Peter McNeal was indicted in the circuit court of Randolph county for selling intoxicating liquor to Joe Jaggi, a minor. The case was tried by the judge in lieu of a jury upon agreed facts, and the judge found McNeal guilty and gave judgment against him for a fine.    The facts agreed are as follows:

"Ben Jaggi is a man about fifty-five years old, lives in Coalton, West Virginia, and is a coal miner and has a son named Joe, who is an infant about eighteen or nineteen years old.

Peter McNeal runs a saloon in Coalton, West Virginia, and has a State license therefor.  Ben Jaggi told Peter McNeal and his bartender that whenever he sent Joe with a written order to let him have whatever the order called for in way

of spirituous liquors, &c., and that on two or more occasions said Ben Jaggi sent written orders for liquor to said saloon, and it was delivered to said Joe Jaggi, and by him taken to his father, Ben Jaggi."

Upon those facts we hold that there was no sale to a minor; that the sale was to his father; that the son acted only as messenger or agent for his father. We interpret the facts as showing a contract between McNeal and Ben Jaggi, before the delivery, by which McNeal agreed to sell liquor to the father, to be sent for through the son. A sale to the father, not a sale or gift to the son. The liquor was taken to the father. The contract of sale was between the father and McNeal, the son acting only as carrier of the liquor. The son did not even make the purchase. *Randall* v. *State,* 14 Ohio St. R. 435, was a case like this. A minor was sent on a personal order for liquor given by his father on a preceding day, to which the seller agreed, and the liquor was delivered to the minor in pursuance of the agreement. The court held it a sale to the father, not to the minor. As the court said in *State* v. *Mahon,* 55 Amer. R. 140, to convict McNeal would be to hold him liable only for the minor's handling the bottle. There is some authority to the contrary, but the great weight of authority is, "That a delivery of liquor to a minor whom the seller knows to be acting as agent for an adult is not an offence." 17 Am. & Eng. Ency. L. 338. This position is supported by 23 Cyc. 195. I quote from Black on Intoxicating Liquors, section 420: "When a minor purchases liquor, not for his own consumption, but for the use of another person, as whose agent or messenger he is acting, and to whom the sale might lawfully be made, the guilt or innocence of the seller will depend upon the disclosure to the seller of the fact of agency, because, so far as concerns the seller, that will determine the person who is to fill the character of purchaser. If the minor informs the liquor-dealer that the liquor purchased is for the use of another person, who has sent him to buy it, and with whose money he pays for it, such being the truth in the case; or if the dealer knows, from other sources of information, that the real purchaser is an adult and the minor is only his messenger; then the sale takes place between the dealer and the adult, and the minor is not concerned in it except as the conduit

by which the money is conveyed to the one and the liquor to the other, and consequently the dealer cannot be convicted of selling to the minor. 'To *sell* liquor to a minor is what is forbidden by the statute. Merely to deliver liquor to a minor, with notice that it is to be carried to an adult, is not a sale, within the meaning of the statute. We cannot extend the terms of a criminal statute beyond its clear legal meaning. We cannot construe the word *sell* in the statute to mean something different from its ordinary legal import. Undoubtedly, a minor may be an agent or lawfully go on errands for an adult, and a person may buy through an agent, and in such case, there being no question of the fact of agency, although the dealing is with the agent, and the delivery is to him, in legal effect the sale is to the principal. The law is, that where a person contracts as agent, or he is known to be such, the contract is with the principal, and not with the agent; but where the agent deals in his own name, and the principal is not disclosed or known, the contract is with the agent, and he is liable.' Hence, for example, the seller should be allowed to show that the liquor was drawn and delivered to the minor in pursuance of an agreement between his parent and the defendant, on the previous day, for its purchase and subsequent delivery to the minor.

But on the other hand as between a seller and an agent, who deals with him without disclosing the fact that he acts as agent, the latter, as well as the principal, may be regarded as the purchaser. A liquor-seller who contracts with a minor may therefore be convicted of selling liquor to a minor, notwithstanding the fact may subsequently be disclosed that the minor acted as agent for an adult. In other words, if the seller had no notice or knowledge, either from the statements of the minor, from a previous course of dealing, or from other sources, that the minor is making the purchase for any one but himself, so that, for all the seller knows to the contrary, he is selling liquor to the minor for the latter's own use, he is guilty of a statutory offence, although in point of fact, the minor was acting as agent or messenger for another."

The attorney general cites us two cases as supporting the contrary view. One of them is *Commonwealth* v. *O'Leary,* 143 Mass. 95. That case will not support the State, as it will

. be seen that the statute on which it rests said, "And that no sale or delivery of intoxicating liquor shall be made to a minor for his parent's use, or for the use of any other person." That decision was under an amended statute so reading. Prior to the statute controlling that case the statute was, "That no sale or delivery of liquor shall be made on the premises described in the license to a person known to be a drunkard, or to an intoxicated person, or to a minor." A similar statute to ours found in chapter 32, section 21. As the case just cited in 143 Massachusetts states, it will appear that under the older statute it had been held that the sale or delivery by a licensed person of liquor to a minor for the use of another person was not a sale to a minor. *Commonwealth* v. *Lattinvile,* 120 Mass. 385, and other cases there cited. So we have the support of the Massachusetts court under a statute like ours. The attorney general cites *People* v. *Garrett,* 68 Mich. 487. That case does support the attorney general's position; but it is against the weight of authority. Two out of the five judges dissented, and gave the statute the same construction as we do. The majority opinion says that the defendant must have known that the boy might taste the beer before he got across the street, and that the legislature intended to prevent delivery of liquor to children; that they should "touch not, taste not, handle not." But we do not find in the statute anything to warrant us in writing into it an exceptional provision not in it, and likely not intended. We cannot see under our statute that the legislature intended to prohibit a father from buying liquor of a licensed saloonist and sending his son for it, the messenger disclosing that the liquor is for his father. We cannot see that the statute is so rigid. We cannot write it into the statute when the legislature has left it out. We cannot expand the statute, and thus legislate.

Therefore we reverse the finding and judgment of the circuit court, and enter judgment in this Court that the defendant be discharged from said indictment and go thereof without day.

*Reversed.*