Graeven vs. Dieves.

GRAEVEN, Appellant, vs. DIEVES, Respondent.

*February 5 — March 1, 1887.*

*Ejectment: Adverse possession.*

K. purchased a strip of land twenty-five feet wide and erected thereon a building which extended a few inches upon the adjoining land. Subsequently he conveyed to G. by a deed describing the land as twenty-five feet. *Held*, that G. could have no benefit of K.'s adverse possession of the strip occupied by the building beyond the line of the land conveyed.

APPEAL from the Circuit Court for *Milwaukee* County. Ejectment. The facts will sufficiently appear from the opinion. A motion for a nonsuit, made at the close of the plaintiff's testimony and renewed at the close of the testimony for the defendant, was granted, and from the judgment dismissing the complaint the plaintiff appeals.

For the appellant there were briefs signed by *Weil & Kleber* and *Weil & Killilea*, attorneys, and *D. S. Rose*, of counsel, and the cause was argued orally by *Mr. Rose*.

For the respondent there was a brief by *Austin, Runkel & Austin*, and oral argument by *Mr. R. N. Austin*. To the point that where the owner of lands, through ignorance, inadvertence or mistake, takes and holds possession beyond the true line, but with no intention of claiming further than his actual boundaries, such possession is not adverse, they cited *Brown v. Cockerell*, 33 Ala. 38; *Lincoln v. Edgecomb*, 31 Me. 345; *Worcester v. Lord*, 56 id. 265; *Dow v. McKenney*, 64 id. 138; *Ross v. Gould*, 5 id. 204; *Brown v. Gay*, 3 id. 126; 28 id. 481; 36 id. 507; 45 id. 384; 47 id. 337; 49 id. 118; 68 id. 84; 34 Iowa, 148; 54 id. 119; *Riley v. Griffin*, 16 Ga. 141; *Howard v. Reedy*, 29 id. 152; *Hamilton v. West*, 63 Mo. 93; *Winn v. Abeles*, 35 Kan. 85; *Hitchings v. Morrison*, 72 Me. 331; Sedgw. & W.

on Trial of Tit. to Land, secs. 759, 760; Tiedeman on R. P. sec. 699.

COLE, C. J. It is not claimed or pretended that the plaintiff showed any paper title to the strip of land in controversy. The deed from Seligman to Kriege, and the one from Kriege and wife to the plaintiff, dated March 19, 1880, conveyed the west twenty-five feet of lots 1, 2, and 3, in block 102. The piece of land sought to be recovered lies outside of the premises described in these deeds, and is an irregular strip west of the west boundary line of such premises,— being eight inches wide on the north end, and four inches wide on the south end. The plaintiff attempted to prove title to this disputed strip by adverse possession. His contention is that the evidence clearly showed that he and his grantor, Kriege, had been in the adverse possession and occupancy of such strip, in hostility to every other claim of title, for more than twenty-six years before the commencement of the action,— consequently he established an indefeasible title to it under the statute. The provision relied on declares, in substance, that when there has been an actual continued occupation of any premises under claim of title exclusive of any other right, but not founded upon any written instrument or judgment or decree, the premises so actually occupied shall be deemed to be held adversely (sec. 4213, R. S.), and after twenty years of such possession the title shall be deemed to have ripened into a perfect title. This is the effect of the various provisions relating to this subject.

As we have said, there is no pretense that the plaintiff showed any paper title to the disputed strip, but he claims it by actual adverse possession under a claim of title for a sufficient period to bar the true owner. The evidence as to the occupancy of the strip under claim of title is exceedingly confused and obscure, and it is not easy to get at the mean-

ing of the witnesses. The important testimony as to these facts is that of Kriege; and, if we understand it correctly, the effect of his statements may fairly be said to be this: In 1859 he purchased the west twenty-five feet of lots 1, 2, and 3, block 102, of Seligman, and went into possession. He occupied the property for twenty-one years. In 1880, he sold the property to the plaintiff and gave possession. The plaintiff has occupied it to the time of trial. When Kriege purchased the property, there was a frame building on a brick basement in front. There was a brick house in the rear. Kriege took down the old frame house, and built a new frame house in front on the old foundation that was on the west side. The defendant then occupied the adjoining property on the west. Kriege testified that the plaintiff "occupied the same property I had. I occupied four inches more on the west side. . . . All I know, he claims four inches more than I would. For the twenty-one years I lived there, I used the eight inches in controversy described in the complaint. I used it until I sold to *Mr. Graeven* in 1880, and *Graeven* occupies the same property now." On cross-examination the witness said: "I occupied under my deed twenty-five feet. I bought those twenty-five feet from Seligman,— the same premises described in the deed."

The plaintiff testified, and said: "I have occupied these premises since 1880. Kriege occupied them before me. I bought the premises of Kriege. He did not say there was anything wrong about them, and I occupied them. I have built the bake-oven, and attached the back building to it. I built the bake-oven on the same building. The wall between my property and *Mrs. Dieves* remained the same. *Mrs. Dieves* is in possession of the property west and adjoining mine. She is in possession of a small brick building adjoining my property on the west, which was built last year. It stands quite close to my building,— too near. The roof of that building hangs over my building at least four

inches to my roof. The lower portion of that building stands quite close to my wall."

This is the material testimony as to the adverse possession. And this remark may be made upon it: that it is not clear from the evidence that even the possession of Kriege was adverse or hostile to the rights of the true owner. The object of the statute is to quiet titles and end disputes in regard to them. Hence, if the true owner acquiesces in the hostile acts and claims of the adverse possessor for the requisite period, the statute bars him. But where the possession is not hostile, but with the permission of and in subordination to the rights of the owner, there is no occasion for a controversy. Of course, there can be no adverse possession in such a case. Now, it is true Kriege occupied the building which was erected upon a foundation that extended a few inches west upon the defendant's premises. But whether this was by mistake as to the true boundary line, without any intent of claiming the strip as against the owner, is left in doubt. " To constitute adverse possession, entry must be made with defined claim of title and of possession, continued while the statute runs." *Pepper v. O'Dowd*, 39 Wis. 548. The adverse possession must be visible and notorious, and such as may fairly imply notice to the owner and acquiescence on his part. Proof of occupation and use by the adverse claimant for more than twenty years, when such occupation and use are consistent with the claim of ownership, may raise the presumption that the entry was under a claim of title exclusive of any other right. *Allen v. Allen*, 58 Wis. 206.

But, however the case might stand as to Kriege, and whatever might have been his intention as to claiming and holding beyond the true boundary line, it seems to us, upon the facts, that the plaintiff has entirely failed to prove title by adverse possession to the disputed strip. He seeks to have the benefit of the adverse possession of his grantor, who he

claims had disseized and ousted the true owner. But the difficulty with this claim is that the deed under which the plaintiff acquired the property does not attempt to convey more than the west twenty-five feet of lots 1, 2, and 3. If Kriege, by adverse possession or otherwise, had acquired title to the disputed strip, he surely did not convey it by his deed. The rule is that "evidence of adverse possession is always to be construed strictly, and every presumption is to be made in favor of the true owner. Such possession is not to be made out by inference, but by clear and positive proof. This is the language of the authorities, and the rule is well settled." DIXON, C. J., in *Sydnor v. Palmer*, 29 Wis. 252. The presumption is that the plaintiff entered under his deed. The possession given him by his grantor was only co-extensive with his title, and was restricted to the premises granted. There are doubtless instances where the successive possessions of different occupants have been regarded as a single continued possession, but we do not see how that can be held as to the excess here. For the grant is limited to the west twenty-five feet, and conveys nothing beyond that. Upon what principle, then, under such a grant, can the plaintiff claim that he acquired some right to a strip outside the premises described in the deed? We see nothing in the case which will warrant such a claim. When Kriege quit the possession of the disputed strip, the seizin of the true owner was restored, and an entry afterwards by the plaintiff upon such strip constitutes a new disseizin; but under his deed he can claim no right to that piece of land founded upon the adverse possession of his grantor. He has only occupied the building erected on the wall, which extends on the defendant's premises, since 1880, and consequently has acquired no title by adverse possession. Upon the facts, the court was clearly right in nonsuiting the plaintiff and dismissing the complaint.

*By the Court.*—The judgment of the circuit court is affirmed.