SICELUFF v. STATE.

LIQUORS:  *Sale to minor:  Agency:*

Although a minor acts as the agent of his parent in purchasing liquor, if that fact be not disclosed to the seller at the time of the purchase, and the sale is made without the parent's written consent or order, it is unlawful, and a subsequent disclosure of the agency will not avoid a conviction.

APPEAL from *Lee* Circuit Court.

Hon. M. T. SANDERS, Judge.

Siceluff v. State.

The defendant was indicted for selling whisky to George Lockey, a minor, without the written consent of his parent or guardian. On the trial below, the evidence showed that the minor had purchased whisky from the defendant for laborers on his mother's plantation, and with money furnished by her for that purpose. He was the agent of his mother and attended to her business on the plantation, and in purchasing supplies for her tenants and laborers. The purchase of whisky from the defendant was made by the minor under his mother's instruction, but without her written consent or order. And there was nothing in the evidence to show that the agency of the minor was disclosed at the time of the sale, or was then known to the defendant. The court, against the defendant's objection, instructed the jury as follows: "1. George Lockey, if a minor, could not legally act as agent to buy whisky for the hands, except by the consent or authority in writing of his mother." "2. But if it was lawful for a parent to verbally authorize a minor child to buy whisky as an agent, a sale to such minor would be illegal, in the absence of proof that such agency was known or disclosed to the seller at the time of the sale."

The following instructions were requested by the defendant and refused by the court: 1. "If the jury find from the evidence that the defendant sold and delivered whisky to the minor named in the indictment, and received money therefor, but that said minor had been, and was, acting as agent for his mother, and that the liquor was not bought for the minor, but for his mother or her tenants on the place, this would not be a sale to the minor."

2. "That before the jury can convict the defendant, they must find from the evidence that the sale was made to the minor for his own use and purpose, and if acting as the mere agent of his mother, the defendant would not be guilty."

The defendant was convicted and a new trial was refused.

*H. N. Hutton*, for appellant.

The minor was acting simply as the agent of his mother and a sale to him was a sale to his principal, and no offense.

*W. E. Atkinson*, Attorney General, for appellee.

The court correctly declared the law. *106 Ill., 95; 45 Ark., 365; 47 id., 555; 63 Miss., 304; 17 Hun., 591; 36 N. W. Rep., 234.* Appellant was guilty, though minor purchased as agent, and especially where he failed to disclose his agency. Cases *supra.*

LIQUORS: Sale to minor.

PER CURIAM. As between a seller and an agent who deals with him without disclosing the fact that he acts as agent, the latter, as well as the principal, is the purchaser.

A liquor seller who contracts with a minor may, therefore, be convicted of selling liquor to a minor, notwithstanding the fact may subsequently be disclosed that the minor acted as agent for his parent. *Gillen v. State, 47 Ark., 555; Foster v. State, 45 Ark., 365; Ritcher v. State, 63 Miss., 304; Ross v. People, 24 Hun., 591; People v. Garrett, 36 N. W. Rep., 234; Com. v. McGuire, 11 Gray, 460.*

Affirmed.