WALLACE *v.* STATE.

Decided May 30, 1891.

*Intoxicating liquor—Sale to minor.*

Delivery of liquor to a minor, in pursuance of a sale to an adult, is neither a sale nor a gift to the minor, within the act approved April 6, 1889.

APPEAL from *Crawford* Circuit Court.

HUGH F. THOMASON, Judge.

Tom L. Wallace was convicted under an indictment which charged that he sold and gave liquor to a minor without the written consent of his parent or guardian. It was proved that the minor was sent by his father in company with the defendant to the latter's saloon to get some beer for which the father subsequently paid. An appeal was taken to test the sufficiency of the evidence to sustain a conviction.

The act of 1889 (p. 122) cited provides as follows: "Any person who shall sell or give away, either for himself or

another, or be interested in the sale or giving away of any ardent, vinous, malt, or fermented liquors, or any compound or preparation thereof called tonics, bitters or medicated whisky to any minor, without the written consent or order of the parent or guardian, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than fifty nor more than one hundred dollars."

*C. J. Frederick* for appellant.

Minors are not excluded from acting as agents for others. Story on Ag. (9th ed.), sec. 7. To deliver to a minor liquor for the use of a parent is not a *sale* to a minor. Bish. St. Cr., sec. 1021 ; 55 Ala., 16. There is no statute prohibiting a minor from acting as agent. In 52 Ark., 56, the minor did not disclose his agency. This was neither a sale nor a gift to a minor.

*W. E. Atkinson,* Attorney General, and *Chas. T. Coleman* for appellee.

The legislature intended to make unlawful every delivery to a minor of intoxicating liquor not authorized by the statute. 36 N. W. Rep., 234; 37 Me., 517; 97 N. C., 492; 52 Ark., 56. See 12 Bush, 240.

COCKRILL, C. J. In the case of *Siceluff* v. *State,* 52 Ark., 56, a conviction for selling liquor to a minor without the written consent of his parent or guardian was sustained, although the proof showed that the minor acted as agent of his parent in making the purchase. But in that case the seller was not apprised of the agency, and he dealt with the minor as though he were the vendee. In legal contemplation the relation of vendor and vendee existed between them, as was explained in that case. There was, therefore, a sale to the minor, and, as there was no pretense of written consent by the parent, the offense was complete.

*Sale of liquor to minor.*

The question in this case is, Was the statute violated by simply delivering liquor to a minor who was known to be doing an errand for another?

The prohibition of the statute is against the sale or giving away of liquor to a minor (Acts of 1889, p. 122); and unless the act complained of amounts to a sale or giving away of liquor to the minor, it is not a violation of the law.

" To· deliver liquor to a minor for the use of the parent is not to sell it to the minor," says Mr. Bishop. Stat. Crimes, sec. 1021. The quotation is the statement of an obvious rule of law, when the liquor is delivered for the known purpose of the parent's or another's use; for then no relation of vendor and vendee can be said to exist between the minor and the liquor seller. And to deliver liquor to one merely to be carried by him to another is not to "give away" liquor to the one who bears it. We cannot construe the term "give away" in a penal statute to mean something different from its ordinary legal and commonly accepted import. *Ward* v. *State*, 45 Ark., 351; *Gillan* v. *State*, 47 *id.*, 555. However defective the law may be thought to be, it is not the province of the courts to extend it so as to cover cases not within its terms, as would be done if we should construe the term "give away" to cover the case stated. But the case stated is only that of the minor who receives liquor from the seller for the known use of another. The statute does not prohibit the minor from becoming the agent of the purchaser or donee of liquor, but only from becoming the purchaser or donee.

Such is the construction placed upon similar statutes in Massachusetts and Connecticut, the statute in the latter State using the word "furnish" where ours employs "give away." *Commonwealth* v. *Lattinville*, 120 Mass., 385; *Goddard* v. *Burnham*, 124 Mass., 578; *O'Connell* v. *O'Leary*, 145 Mass., 311; *State* v. *McMahon*, 53 Conn., 407.

No subterfuge, under the guise of an agency, could avail one who sells or gives liquor to a minor; and it is even held that the honest belief of the seller that the minor was acting as agent for another, when in fact he was purchasing for himself, would not excuse him; upon the theory that the law

binds the seller to know the facts before he ventures upon a sale. *Commonwealth* v. *Finnegan*, 124 Mass., 324; *State* v. *Bruder*, 35 Mo. App., 475.

The case of the *People* v. *Garrett*, 36 N. W. Rep. (Mich.), 234, relied upon by the Attorney General as sustaining a construction that a delivery of liquor to a minor for any purpose is within the prohibition of the statute, is based upon a statute which defined the offense to be, "to sell, furnish to or give" liquor to a minor. The terms of the statute are broader than those under consideration, and the case is not therefore authority in point. The case of *Commonwealth* v. *Davis*, 12 Bush, 240, is more nearly in point—the language of the statute, "sell, loan or give" liquor to a minor, being construed to cover every case where liquor was delivered to a minor. The defendant in that case might have been convicted of selling liquor to a minor, under the decision in *Foster* v. *State*, 45 Ark., 328; for he aided the seller in making the sale to the minor, and thereby became a principal in the offense. But we cannot accept the construction placed upon the statute in that case as controlling authority.

The court's charge to the jury was erroneons, aud the judgment will be reversed, and the cause remanded for a new trial.

It is so ordered.