# Davis v. Caldwell.

## *Action of Ejectment.*

1.  *Adverse possession by coterminous land owner.*—Where a party occupies land up to a certain fence because he believes it to be the line, but having no intention to claim to the fence, if it should be beyond the line; an indispensable element of adverse possession is wanting ; the intent to claim does not exist and the claim, which is set up, is upon the condition that the fence is upon the line, or if the fence is put over the line from mere convenience, the occupation and exercise of ownership are without claim of title, and the possession could not be adverse.

2.  *Same.*—Where parties agree upon a line as a dividing line, and each claims up to it, the claims are adverse ; and where one coterminous owner builds a fence as a dividing line and claims to it, as such with knowledge of such claim by the other coterminous owner, the claim becomes hostile.

3.  *Possession is presumed to be subordinate to true owner.*—The presumption of law is that possession is subordinate, and not adverse, to the true owner, and notice in some way of adverse possession must be brought home to the true owner.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. H. C. SPEAKE.
Action of ejectment by Hamlin Caldwell against Tilman P. Davis.

[Davis v. Caldwell.]

After the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charges : (1) "If Mr. Boyd's holding was intended to be to the true section line, and he did not claim, or intend to claim, any land in section four, and the jury are satisfied from the evidence that the land claimed is in section four, they should find for the plaintiff." (2) "If the line established was supposed to be the section line, and if each held under the honest belief that the line was the true section line, and it now appears that such line was not the true line, then there was no adverse possession of one against the other." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give the following written charge requested by him : "If the jury believe the evidence, they should find the issues in favor of the defendant." There were verdict and judgment for the plaintiff, and the defendant moved the court to set aside said verdict and judgment, and grant a new trial, on the grounds (1) that the verdict was unsupported by the evidence ; (2) the verdict was contrary to the evidence ; and (3) the verdict was contrary to the charge of the court. The court overruled this motion, and the defendant duly excepted. Defendant assigns as error the giving of the charges requested by the plaintiff, the refusal to give the charge asked by the defendant, and the refusal to grant the motion for a new trial.

MARTIN & BOULDIN, for the appellant.—1. If two adjoining proprietors agree upon a dividing line, and in their acts of possession and claim of title treat it as the line for the statutory period, the possession of each ripens into title.

2d. If one adjoining proprietor extends his enclosures over and includes a part of the lands of his neighbor with no intention to claim such extended area, but claiming only to the true line wherever it may be, his title is not adverse. In such case there is no established line in contemplation of the parties, or either of them. There is a mental reservation that the line is yet to be established, and the one so made is only for temporary purposes.

3. If on the other hand the party thus enclosing the

[Davis v. Caldwell.]

lands of his neighbor thinks it is the true line, holds his possession to it as such, and his neighbor with knowledge of such holding or being charged with such knowledge by the open and notorious possession held by the party holding it as the line, acquiesces in such possession and claim for the statutory period the statute of repose applies.

4. It makes no difference whether the party claiming by adverse possession, took and held possession in ignorance of the true line, or wilfully and tortiously. The test is, did the adverse holder have actual open possession under claim of title. Not whether in good faith or not.

Tested by these principles the evidence shows the long possession by Jesse Boyd was adverse to Caldwell, and the affirmative charge for defendant ought to have been given.

Charge No. 2 given for plaintiff asserts a proposition unknown to the law. It states in substance that if parties agree upon and hold their possession up to a line established by mutual mistake or by the mistake of one of them, there is no adverse possession. In other words it asserts that they must know the line to be wrong, and still claim it as the line in order that the statute may run. It would be another way of stating that a man to acquire title by adverse possession must knowingly usurp the property of his neighbor. That to the wilful wrongdoer and not to the honest man the law gives its aid. The statement of Jesse Boyd that he only intended to claim what belonged to him, would under such a rule operate to hold his boundaries unsettled forever. The refusal of the affirmative charge for defendant and the giving of charges one and two for plaintiff are insisted on as reversible error.—1 Amer. & Eng. En. L. 248 and 249 ; *Alexander v. Wheeler*, 69 Ala. 332 (340) ; *Bernstein v. Humes*, 72 Ala. 546 (556) ; *Brown v. Cockerell*, 33 Ala. 38.

J. E. BROWN, for the appellee.—The only question in this case, grows out of a disputed boundary. Adverse possession for ten years is the defense. We cite the following case for the appellee : *Bernstein v. Humes*, 75 Ala. 241. The case at bar, by the testimony of the former owner of the land, Jesse Boyd, is brought directly under

the influence of the rule in the case cited. The cases of *Hoffman v. White*, 90 Ala. 354, *Alexander v. Wheeler*, 69 Ala. 332, are not in conflict with the rule laid down in Bernstein v. Humes, before cited.

The possession of the appellant had not been for the period of ten years, and therefore if Boyd's possession was not adverse, it is immaterial as to whether Davis' was or not.

COLEMAN, J.—Hamlin Caldwell sued in ejectment to recover a small strip of land lying within and along the boundary of fractional section four, and adjacent to the line dividing it from fractional section five. The evidence shows that the land sued for lay within section four. The defendant entered into possession under a purchase and deed of conveyance from Jesse Boyd about five years before the bringing of the suit. Boyd's deed conveyed only lands in section five and none in section four. Caldwell and Boyd had been coterminous land owners for more than twenty years, the former claiming possession and ownership of the lands in fractional section four, and Boyd in fractional section five. The defendant relied upon the statute of limitations of ten years, as a bar to a recovery, and to sustain the defense offered evidence for the purpose of showing that Boyd, his vendor, had been in the adverse possession of the land in controversy for more than ten years. According to the government survey and the description of the lands in the deed of conveyance to him, the defendant acquired no right or interest in the land. The question of contention is whether by agreement or otherwise the dividing line between sections four and five, fixed by government survey, as between Caldwell and Boyd had been changed, so that the strip would pass by a conveyance of section five. The evidence shows that neither Caldwell nor Boyd had ever had the line between them surveyed, nor had there been any controversy or dispute in regard to the line. The one cleared and cultivated up to a hedge or fence row on his side and the other to the same row on the other side, and that the land in controversy was on that side of the hedge or row cultivated by Boyd. The rule as to when the possession and claim of a coterminous land owner becomes adverse, is clearly and fully stated in the case of *Brown v. Cock-*

[Davis v. Caldwell.]

*rell*, 33 Ala. 38, as follows: "If a party occupies land up to a certain fence, because he believes it to be the line, but having no intention to claim up to the fence, if it should be beyond the line, an indispensable element of adverse possession is wanting. The intent to claim does not exist and the claim which is set up, is upon the condition that the fence is upon the line. Or, if the fence is put over the line from mere convenience, the occupation and exercise of ownership are without claim of title, and the possession could not be adverse." The same authority recognizes the doctrine that when parties agree upon a line as a dividing line, and each claim up to it, the claim becomes adverse, or, where one coterminous owner builds a fence as a dividing line, and claims to it as such with knowledge of such claim by the other coterminous owner, the claim becomes hostile. In *Humes v. Bernstein*, 72 Ala., on page 556, the rule is thus stated: "When the claim is the result of a mistaken belief that the true line embraces the land on which the improvement is made, but with no intention of claiming if not within the area covered by the title, unless possession is held with the intention of claiming the property without regard to the title, or true dividing line, such possession or holding is not adverse," &c. In *Alexander v. Wheeler*, 69 Ala. 332, *Ib.*, 78 Ala. 167, the rule is declared as follows: "The *quo animo* or intention with which possession is taken and held by a defendant, must always constitute an essential consideration. Hence, if a partition fence be extended by one of the adjacent owners, so as to enclose within his enclosure a portion of his neighbor's land through mere inadvertence, or ignorance of the location of the real line, * * * * intending to claim adversely only to the real boundary line, wherever it might be, such possession would not be adverse or hostile to the true owner." The presumption of law is that possession is subordinate, and not adverse, to the true owner, and notice in some way of adverse possession must be brought home to the true owner. There is no evidence of an express agreement or understanding between Caldwell and Boyd for the establishment of a dividing line. It is clear that Boyd held the land in controversy for many years beyond that necessary to effect a bar, honestly believing that the fence row was the dividing line and that it belonged to him, but his testimony

leaves no doubt; that he never intended to claim any land in section four, and held possession and claimed it, believing that it was in section five and contained in his deed, and that if he had known it was not in section five, he would not have claimed it. If the evidence of the witness Boyd is true, and there is nothing to contradict it, his possession was not adverse to that of Caldwell. Charge number one given for the plaintiff was free from error.

We can not say there was error in giving charge number two, when referred to the evidence. Had there been evidence tending to show, that the hedge-row was established as the dividing line by agreement of the parties, or that Boyd claimed up to it, "without regard to the title or true dividing line," as stated in *Humes v. Bernstein, supra,* the charge should have been refused. But as the evidence shows, that his claim was based entirely upon the supposition that the land was in section five and in his deed, and not intending to claim it as his own, if in fact it was in section four, we are of opinion the court was justified in giving the charge. The verdict was fully supported by the evidence, and there was no error in overruling the motion for a new trial.

Affirmed.

*Statutory Action of Ejectment.*

