# Tony *v.* State.

### *Selling Liquor to Minor.*

[DECIDED FEB. 17, 1906, 40 So. REP. 388.]

1. *Criminal Law; Findings of Trial Court.*—The act requiring the
   supreme court to review the findings of the trial court with-
   out any presumption as to their correctness, applies to all cases,
   at law tried by the court without a jury, whether civil or
   criminal; but this court will not disturb the finding of the
   lower court unless the same appears to be plainly erroneous.
   (Overruling *Witherspoon v. State*, 39 So. 356.)

2. *Intoxicating Liquors; Sale to Minors.*—A person selling liquor
   to a minor, who does not disclose that he is purchasing for an
   adult third person, although he is in fact so purchasing for
   such third person, is guilty of selling whiskey to a minor..
   (Justices DOWDELL and SIMPSON dissent.)

3. *Same.*—A minor was employed by a hardware company, com-
   posed of his father and another, and was ordered to purchase
   liquor for the third person; Held, the order was not connected
   with the business in which the persons were engaged, and such
   third person did not have control of the minor, so as to bring
   the sale within the exception in § 5078, Code 1896.

4. *Same; Evidence; Sufficiency.*—Evidence in the case at bar ex-
   amined and held sufficient to warrant a conviction for selling
   intoxicating liquors to a minor.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

The appellant was indicted, tried and convicted for
the offense of selling liquor to a minor. The facts suffi-
ciently appear in the opinion.

JAMES T. GREEN, for Appellant.—Under the evidence in this case, the sale was made to Roberts, the principal, through Ray Smith, the minor. Smith acquired no title to the property, and the sale was therefore to Roberts. This was not a violation of the law.—Section 5078, Code 1896.

MASSEY WILSON, Attorney-General, for State.—The act authorizing this court to review the findings of the judge of the trial court on the facts when properly presented by a bill of exceptions applies to civil and not to criminal cases.—*Witherspoon v. State,* 39 So. 356; *Feibleman v. State,* 130 Ala. 122. It is very doubtful whether, on the facts disclosed by this record, the conviction was rightful.—*Young v. State,* 58 Ala. 358; *Coker v. State,* 91 Ala. 92; *Maples v. State,* 130 Ala. 121.

SIMPSON, J.—The defendant was indicted, tried, and convicted for the offense of selling or giving intoxicating liquors to a minor. The trial was by the court, without a jury, and the defendant excepts to the judgment of the court.

Under Acts 1896-97, p. 330, § 12, declaring the powers, etc., of the city court of Anniston, it is especially provided that, as to the conclusions and judgment of said court on the evidence, "the Supreme Court shall review the same without any presumption in favor of the court below on the evidence," etc. As this provision is made applicable to all cases at law tried in said court without a jury, it applies to criminal as well as to civil cases.—*Maxwell v. State,* 140 Ala. 131, 134, 37 South. 266; *Holmes v. State* (Ala.) 39 South. 569. The case of *Witherspoon v. State* (Ala.) 39 South. 356, in so far as it contains a contrary doctrine as to an act identical in terms with the one now before the court, is overruled.

As to what force and effect shall be given that portion of the section in question, requiring this court to decide the case without any presumption of the correctness of the judgment below, this court has held that the judgment will not be disturbed, unless it is plainly erroneous.—*Woodrow v. Hawving,* 105 Ala. 247, 16 South. 720. In that case the court called attention to the fact that, inas-

[Tony v. State.]

much as the court below had the opportunity to observe the manner of the witnesses in testifying, it had a better opportunity to judge of their truthfulness, and consequently this court must give due weight to its conclusions. That would be particularly true in a case in which there was conflict in the testimony, and, on the other hand, would have less weight where the facts are simple and without conflict.

In the case now under consideration the facts are few and simple, and without conflict. The only testimony is by the young man of 20 years of age, who is alleged to have bought the whiskey, and the defendant. The substance of the testimony of the former is that his employer requested him to go and get a bottle of whiskey for his sick wife; that he went to the place where the defendant was employed, and, after stating in his examination in chief that he bought a pint of whiskey from defendant, yet on cross-examination stated that he asked some one who he thinks was defendant, though he is not sure, for a bottle of whiskey; that said person handed him something wrapped in a paper, and he paid him the 50 cents which his employer had given him; that he did not unwrap it, and consequently could not swear that it was whiskey, but he took it and handed it to his employer. The testimony of defendant was that he had no recollection of ever having seen said youth, but cannot state positively that he did not sell to him.

It is insisted by the counsel for defendant, first, that admitting that it was whiskey in the bottle and that the defendant was the person who sold it, yet the facts testified to by the witness do not show a sale to the minor, as he was acting merely as agent for Roberts. It will be observed that the minor did not inform the seller that he was acting as agent for any one else, nor did he bring any order from any one, but simply applied for the whiskey and, when the package was handed to him, paid for it. The court holds that this constituted a sale to the minor, and it has been so decided by courts of other states having similar statutes.—Black on Intoxicating Liquors, § 420; *Siccluff v. State*, 52 Ark. 56, 11 S. W. 964; *Wallace v. State*, 54 Ark. 542, 16 S. W. 571; *Neely v. State* (Ark.) 28 S. W. 800, 27 L. R. A. 503, 46 Am. St. Rep.

148; 17 Am. & Eng. Ency. Law (2d Ed.) 337.

On this point Justice Dowdell and the writer dissent. This is a point which 'has not been decided in this State. In the courts of other states the decisions are generally to the effect that where a minor purchases on an order, either verbal or written, from another person, the sale is not to the minor, but to the person for whom he purchases the liquor, and this principle is applied, even where the order is merely sent verbally through the minor, provided the minor discloses his principal. On the other hand, it is as generally held that, although the minor really purchases for another and merely delivers the liquor to his principal, yet the seller is liable if the minor fails to disclose to him the fact that he is purchasing for the other. From an examination of these cases in other states, the only reason which we have been able to discover for the distinction is the analogy of the rule in civil cases, under which, when an agent makes a contract. We cannot see any analogy. In the civil case the agent is held responsible because the other party made the contract with him trusting to his responsibility, and he cannot deny his responsibility. The reason for holding that the seller is not liable in the first class of cases is because of the fact that the sale was not made to the minor, as he was a mere agent, acting for another. In other words, in the language of the cases, he was a mere conduit. Accordingly they also hold that, although the minor may state that he is buying for another, yet if, as a matter of fact, that is not true, the sale is to him, and the seller is liable. So the liability seems to depend upon the facts of the case, and not upon the statements or representations of the parties. A party, in order to be guilty of a criminal offense, must not only intend to do the act, but he must in fact do an act which is violative of the law, and if the minor is really simply purchasing for another person, who furnishes the money for him, we cannot see why he is any the less the mere agent, or conduit, simply because the seller does not know it. If a man fires a gun, thinking he is shooting a man and intending to kill him, yet as a matter of fact that which he supposed to be a man is a mere wooden image, although morally he may be a murderer, yet he has not violated the

law.   So, if a man appropriates an article of personal property to his own use, thinking it belongs to another, when in fact it is his own property, while he may be a thief at heart, yet he has not violated the law.   Upon the same principle, if a man sells whiskey to a minor, without asking or knowing how or why he purchases, yet, if as a matter of fact the minor is a mere agent or conduit for another, who furnishes the money, and to whom he delivers the package without even examining its contents the sale is really made to the principal, and the seller is not liable.   It is true that this principle may offer an inviting field for perjury, yet it is the only logical solution of the matter, and if it should be provided against, it is a matter for the Legislature to consider, and not the courts.   All that the courts can do is to require strict scrutiny as to the evidence in said cases.

It is insisted, second, that under the evidence, even if the whiskey was sold to the minor, it was by permission of a person "having the management or control" of the minor.   The evidence shows that the minor was a clerk in the employ of the Dixie Hardware Company, which was composed of the father of said minor, said Roberts, and others.   The order being an entirely personal matter not connected in any way with the business, it cannot be said that said Roberts had "the management or control" of said minor in that matter, and in such manner as to come within the exception mentioned in section 5078 of the Code of Alabama of 1896.   While it is true that the minor as witness on cross-examination could not state positively that defendant was the party who sold to him, yet he had been seeing the defendant for a year or more, passing on the street, and thought he was the person, that he knew other persons who served in the saloon, that it was not bought from either of them, and that he knew that "defendant stayed in that part of the saloon where whiskey was sold by the bottle."   And while he could not swear it was whiskey, yet he asked for whiskey at a place where whiskey was sold, and paid for whiskey.

We do not think that, under the evidence in this case, the finding of the court should be disturbed.   The judgment is affirmed.

Affirmed.

[Black v. State.]

HARALSON, TYSON, ANDERSON, and DENSON, JJ., concur.

DOWDELL and SIMPSON, JJ., dissent.

McCLELLAN, C. J., not sitting.