# Wyman *v.* Walker.

### *Ejectment.*

(Decided February 17, 1912. Rehearing denied May 1, 1912. 58 South. 403.)

1. *Adverse Possession; Color of Title.*—Where the land sued for is in a different quarter section from that described in the deed under which a defendant claims, such defendant cannot claim by adverse possession under color of title.

2. *Same; Ejectment; Color of Title.*—Under section 3850, Code 1907, a mere bona fide possession under claim of right, but without color of title is not sufficient to exempt from rent beyond a year before the commencement of the suit.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Ejectment by Besie W. Walker against Elizabeth A. Wyman. Judgment for plaintiff and defendant appeals. Reversed and remanded.

COLEMAN, DENT & WEIL, for appellant. Where a certain line between co-terminus owners is believed to be the true line, and there is a claim of ownership to

[Wyman v. Walker.]

such line, accompanied by possession of one of such owners, and this line has been treated as the dividing line, such possession if open, notorious, exclusive and continuous, is adverse, and if continued for a period of ten years ripens into a title.—*Brown v. Cockrell,* 33 Ala. 38; *Bernstein v. Hume,* 75 Ala. 245; *Alexander v. Wheeler,* 69 Ala. 330; *Hoffman v. White,* 90 Ala. 354; *Davis v. Caldwell,* 107 Ala. 530; *Taylor v. Fomby,* 116 Ala. 626; *Hess v. Rudder,* 117 Ala. 525; *Doe ex dem. Holt v. Adams,* 121 Ala. 664; *Barrett v. Kelly,* 131 Ala. 378. Counsel discuss the evidence in the light of the authorities above cited, and insist that the court committed grave error in its rulings thereon. They insist on the above authorities that defendant made out a case of adverse possession.

GUNTER & GUNTER, for appellee. The evidence indicates strongly that it was nothing short of fraud to claim plaintiff's land under the circumstances of this case.—*Kirk v. Smith,* 9 Wheat. 288. In cultivating up to the turn row, supposing it to be the true line the defendant limited silently her adverse possession to the true line.—1 Taylor on Evid. 196; 1 Greenl. sec. 41. Intention guides the entry and fixes the character.—*Ewing v. Burnett,* 11 Pet. 52. There can be no adverse possession without an original and fixed purpose to claim according to the pedis possessio right or wrong.—*Brown v. Cockrell,* 33 Ala. 38; *Alexander v. Wheeler,* 69 Ala. 340; Newell on Eject. 724. Appellant has no right to claim the possession of her husband up to 1885, for his deed to her is expressly and only to the eastern 40, and if he held adversely beyond, when he abandoned the possession, then the true owners's possession is restored to her title, and there can be no tacking.—31 N. W. 914; 47 N. W. 1054; 33 N. W. 590. Adverse possession under

a deed is measured by the title attempted to be conveyed, and is limited to premises actually conveyed by the deed.—24 Wis. 326; 44 Wis. 111. Plaintiff was entitled to the affirmative charge and any errors not affecting the general result would be harmless.—*Bienville W. W. Co. v. Mobile,* 122 Ala. 649.

SIMPSON, J.—This action of ejectment was originally brought by the appellee against the appellant, and was before this court at a previous term, in which the doctrine of adverse possession as between coterminous proprietors was fully discussed.—*Walker v. Wyman,* 157 Ala. 478, 47 South. 1011. The legal title is shown to be in the appellee; and the appellant (defendant below) rests upon the defense of adverse possession.

The defendant cannot claim under color of title, because the conveyances under which she claimed describe the land alloted to herself and predecessors as the S. E. ¼ of section 3, township 15, range 18, and it is admitted that, according to the actual survey, the strip sued for is in the S. W. ¼, and not in said S. E. ¼, so that, in order to establish her title, it is necessary for her to prove such adverse possession as the law recognizes, without color of title.—*McEvoy v. Loyd,* 31 Wis. 142, 146; *Graeven v. Dieves,* 68 Wis. 317, 321, 31 N. W. 914; *McRae v. Williams,* 52 N. C. 430; *Childs v. Nelson,* 69 Wis. 125, 33 N. W. 587, 590; *Sheppard v. Wilmott,* 79 Wis. 15, 47 N. W. 1054, 1055 (2d col.); *Rae v. Miller,* 99 Iowa, 650, 653, 68 N. W. 899.

This court, quoting from the leading case of *Brown v. Cockerell,* 33 Ala. 38, says: "If a party occupies land up to a certain fence, because he believes it to be the line, but having no intention to claim up to the fence, if it should be beyond the line, an indispensable element of adverse possession is wanting." And, after making

[Wyman v. Walker.]

other quotations, the court says : "There is no evidence between C. and B. for the establishment of a dividing line. It is clear that B. held the land in controversy for many years beyond that necessary to effect a bar, honestly believing that the fence row was the dividing line, and that it belonged to him; but his testimony leaves no doubt that he never intended to claim any land in section 4, and held possession and claimed it, believing that it was in section 5, and contained in his deed, and that if he had known it was not in section 5 he would not have claimed it."

The court accordingly held that charge 1 was properly given, to wit: "If B.'s holding was intended to be the true section line, and he did not claim or intend to claim any land in section 4, they should find for the plaintiff."—*Davis v. Caldwell*, 107 Ala. 526, 527, 530, 531, 18 South. 103.

Charge 2, in that case, was also held to be correctly given, to wit: "If the line established was supposed to be the section line, and if each held under the honest belief that the line was the true section line, and it now appears that such was not the true line, then there was no adverse possession of one against the other"—the court holding such to be the law, unless B. claimed "without regard to the title or true dividing line."—107 Ala. 527, 531, 18 South. 103.

In the case of *Taylor v. Fomby*, 116 Ala. 621, 22 South. 910, 67 Am. St. Rep. 149, the line in question, the fence, had been built on a line established, as the dividing line, by the county surveyor; and this court held that the evidence as to the recognition of this line could be considered by the jury only as a "circumstance to be considered by them, together with all the other evidence in the cause, as determining where the true line had been run by the United States surveyors."—107 Ala. 527, 18 South. 103.

In the case of *Hess v. Rudder*, 117 Ala. 525, 531, 23 South. 136, 137 (67 Am. St. Rep. 182), the line had been fixed by the county surveyor, and "each negotiated for land *bounded by this line*, and not for land bounded by an unknown line described in the deed; that they *bought* up to this line, paid for land extending to this line,     *     *     *     built a common fence, etc."

In the case now under consideration, the line claimed is not a fence or any ordinary dividing line of lands, but a mere "turn row," which is not claimed to have been established by the parties, or even by one of them, as a dividing line, but was there merely for convenience in cultivating long before the lands were partitioned. The parties merely found it there, and their tenants cultivated to it. The lands were partitioned merely according to the government subdivisions; and, while there is an evident attempt on the part of the defendant to so shape her testimony as to avoid the conclusions on the former hearing of this case, yet her evidence, even as given on this trial, shows conclusively that she did not claim any part of the S. W. ¼, but merely that she thought the turn row (which is crooked) was the line between the S. E. ¼ and the S. W. ¼. She claimed to the turn row merely because she thought that that was the true line. There is no proof that the other party regarded this as the true line, except that his tenants worked to the turn row. No agreement, understanding, or discussion was ever had between them as to where the true line was. Under the authorities cited, the possesison of the defendant was not adverse; and, without regard to exceptions as to testimony, either including or excluding all that was objected to, the plaintiff was entitled to recover, and the court correctly so ruled.

The appellant claims that the court erred in giving damages for rents for more than one year, and cites

section 3850 of the Code of 1907, which provides that 'persons holding possession under color of title, in good faith, are not responsible for damages or rent for more than one year before the commencement of the suit." The insistence of the appellant is that the *Holt-Adams Case,* 121 Ala. 664, 25 South. 716, decided that a possession under a bona fide claim of right "would be under color of title." The court did not make any such remarkable decision, but was construing the section (1541) in the Code of 1896, which specifically mentioned bona fide claim of purchase, and merely held that the statute had placed such a claim in the same category as a claim under color of title, which this statute does not.

Finally, this case was very carefully considered, when it was before this court at a previous term; and the evidence is so nearly identical with what it was then that, following the rule which has been adhered to by this court in regard to the judgment of courts without a jury, we cannot say that the judgment of the court "is plainly erroneous."—*Woodrow v. Hawving,* 105 Ala. 240, 248, 249, 16 South. 720, 722; *Tony v. State,* 144 Ala. 87-89, 40 South. 388, 3 L. R. A. (N. S.) 1196, 113 Am. St. Rep. 20, 6 Ann. Cas. 865.

The foregoing expresses the opinion of the writer, in which Justice ANDERSON concurs; but a majority of the court, to wit, McCLELLAN, MAYFIELD, SAYRE, and SOMERVILLE, JJ., not controverting the legal proposition stated, are of the opinion that the appellant sustained her claim of adverse possession. The judgment of the court is accordingly reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. SIMPSON and ANDERSON, JJ., dissent.