# Hornsby *v.* Tucker.

### *Ejectment.*

(Decided April 17, 1913. 61 South. 928.)

1. *Adverse Possession; Hostile; Presumption.*—The mere showing that a defendant and his grantors had held the land up to a certain line for many years will not warrant a finding of adverse possession, upon the theory that defendant and his predecessors in title intended to hold adversely to the line in question; it cannot be presumed, as a matter of law, from mere possession, that it was their intention to claim to that line, regardless of whether it was the true one.

2. *Same; Jury Question.*—Where the evidence on the question of adverse holding was in conflict it was a matter for the jury to determine.

3. *Champerty and Maintenance; Lands Adversely Held.*—The conveyance of lands adversely held is void as to the adverse possessor, or those in privity with him.

4. *Same; Ejectment; Prior Legal Possession.*—Although plaintiff's conveyance was invalid, because champertous, plaintiff may recover upon showing prior possession under claim of title where it appeared that defendant relinquished actual possession after the true line was ascertained.

5. *Evidence; Declaration; Boundaries.*—Evidence of defendant's declaration at the time of investigation and survey of the line is admissible in an action of ejectment sought to be maintained by plaintiff upon prior possession under claim of title, on the theory that after the true line was ascertained the defendant surrendered possession.

6. *Same.*—Where the defendant set up adverse possession, evidence of his declartion and acts when the true division line between the lands of the parties was ascertained by a survey, were admissible.

[Hornsby v. Tucker.]

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Ejectment by J. L. Hornsby against J. D. Tucker. Judgment for defendant and plaintiff appeals. Reversed and remanded.

J. M. HOLLEY, for appellant. The court was in error in giving the general charge as the matter of adverse possession was, under the evidence, for the jury.— *McCall v. Pryor*, 17 Ala. 533; *Russell v. Erwin*, 38 Ala. 48; *Brown v. Cockrell*, 33 Ala. 38; *Davis v. Caldwell*, 107 Ala. 526; *Higdon v. Kennemar*, 120 Ala. 198. The deed of McKinzie to plaintiff was admissible, not only to show claim of ownership in McKenzie, but as showing color of title in plaintiff and the extent of his possession.—*Gist v. Beaumont*, 104 Ala. 347, and authorities supra. Declarations made by defendant at the time of the survey and determination of the true line were admissible.—*Jones v. Williams*, 108 Ala. 282; 1 Enc. of Evi. 644.

FRANK W. LULL, for appellee. Prior to the adoption of the Code of 1907, a deed made while another is in adverse possession is void, and will not support ejectment as against such person.—*Curtis v. Riddle*, 59 South. 47; *Pearson v. King*, 99 Ala. 125. Plaintiff was a mere trespasser for a few days, and could not avoid defendant's title by such possession.—*Brown v. Cockrell*, 33 Ala. 38; *Parks v. Barnett*, 104 Ala. 438. There can be no equitable estoppel in a court of law relative to land title unless it is in writing.—57 Ala. 193; 68 Ala. 229; 69 Ala. 442; *Odom v. Rutledge*, 94 Ala. 448. A declaration retracted before it is acted on does not raise an estoppel.—114 Ala. 511. There is no such insistence on the other assignment of errors as will au-

thorize the court to consider them.—*Chestnutt v. Thompson,* 91 Ala. 127; 102 Ala. 424.

McCLELLAN, J.—Statutory ejectment by appellant against appellee.

The parties are coterminous owners. The area in question is a strip of land 35 yards wide, running the length of the N. ½ of a subquarter of a quarter section, particularly described, of course, in the pleading. In the deeds in the plaintiff's chain of title the strip in dispute was described, if it is in fact within the N. ½ of the S. E. ¼ of the N. W. ¼ of section 11, township 19, range 21, in Elmore county, Alabama.

The defendant's deed from Brooks, his alleged predecessor in right and title, appears not to have been offered in evidence. However, his testimony is to the effect that Brooks conveyed to him more than 20 years ago, and put him in possession of, the S. W. ¼ of the N. W. ¼ of section 11, a quarter call describing land immediately west of that conveyed to plaintiff. Defendant further testified that Brooks put him in possession of the strip in question, pointing out a line, north and south on the east side of his purchase, which brought the strip in dispute within the stated quarter call of Brooks' deed to defendant.

In the recent case of *Walker v. Wyman,* considered on two appeals and reported, respectively, in 157 Ala. 478, 47 South. 1011, and in 177 Ala. 72, 58 South. 403, legal principles applicable to contests of the character here presented were fully restated as from satisfactory authority in this court. While there were differences of opinion between some of the Justices upon the question of the correct solution of the *issues of fact,* there were none as to the legal principles so announced. We see no occasion to now reiterate the principles at

[Hornsby v. Tucker.]

length.—*McLester Bldg. Co. v. Upchurch,* 180 Ala. 23, 60 South. 173.

It seems not to be controverted by the defendant that the strip in dispute is on the east side (plaintiff's side) of the *true* line dividing the S. E. ¼ of the N. W. ¼ of that section *from* the S. W. ¼ of the N. W. ¼ of that section. On the contrary, it appears that one of the litigable questions, under defendant's view, is whether the strip has been so adversely held and possessed for the requisite period by the defendant or his predecessors, or both, as to vest title in him, or was so adversely held and possessed by the defendant in 1901 and 1904, or either, when Freeman conveyed to McKenzie, and McKenzie conveyed to plaintiff, as to render *void, as to defendant,* either or both of those conveyances.—*Curtis v. Riddle,* 177 Ala. 128, 59 South. 47. These are the chief issues of law or fact, or both, discussed in the briefs of counsel.

The court gave the affirmative charge for defendant, upon his request. In this there was error. The question of adverse possession, under either alternative above stated, was, under the evidence before this court, an issue that should have been submitted to the jury.

Since we must remand, we purposely refrain from any other reference to or discussion of the evidence than is absolutely necessary to decision and to point the way for the trial to occur.

While there is evidence of an "old line" dividing the quarter section conveyed to the plaintiff and to the defendant, respectively, there is none tending to show that the respective *predecessors* in title of plaintiff and defendant *agreed* upon a line between these 40's and assumed possession in accordance with and in recognition thereof. There is evidence of possession of the strip in dispute (by the witness Dillard at least) by

Freeman, in plaintiff's chain of title; and there is evidence of possession of the strip by Brooks or his sister, in defendant's chain of title, and by defendant; that of the latter (defendant) covering many years. So it would seem, as brief for appellee states it, that there is in the case nothing to invoke the application of the rule. that an *agreed line,* followed by possession in accordance with and in recognition thereof, constitutes and establishes, if maintained for the requisite period, an adverse possession of the areas on either side of such agreed line. Of course, the occupancy, recently assumed, for only a short while by plaintiff did not afford the basis for the application of the rule just stated. We take account of this occupancy later on in the opinion.

It cannot be pronounced, *as matter of law,* on this evidence that the occupancy (if so) of this strip by Brooks or by Brooks' sister, or by defendant, or by any one or all of them, was *with the intention* to claim to the "old line," regardless of whether it was the *true* line or not.—*Davis v. Caldwell,* 107 Ala. 526, 531, 18 South. 103; *Walker v. Wyman,* 157 Ala. 478, 47 South. 1011. That is an important factor in cases where there is no *agreed* line *and* possession taken under such an agreement. So far as this defendant is concerned, the evidence cannot be said to wholly conclude in his favor any doubt of that matter of his intention. If the evidence for the plaintiff should be credited, to the exclusion of an acceptance of that for defendant tending to show such *intention* of claim on defendant's part, the conclusion might reasonably follow (as, indeed, the converse conclusion might reasonably follow from an acceptance of the evidence tending to show such intention of claim on defendant's part)  that defendant's intention was to claim to the true line, and not to claim

[Hornsby v. Tucker.]

to the "old line," regardless of its correctness. It is not desirable at this time to particularly point out the elements of the evidence tending to support or to refute the contentions of the respective parties on this important feature of the first alternative, before stated, of the major issue.

A conveyance of land adversely held at the time the conveyance is made is void as to him adversely holding, or as to those in privity with him.—*Grant v. Nations,* 172 Ala. 83, 86, 55 South. 310.

Whether, at the time the Freeman or the McKenzie deed, or both, were executed, the defendant was adversely holding, under claim of right thereto, the strip in dispute, was a jury question. Occupancy *alone* is not *adverse possession.* If the strip was, at one or both of those dates, adversely held by defendant, the conveyance or conveyances was or were void as to this defendant. The evidence bearing upon this alternative of the issue was not conclusive, as matter of law, of the intent with which the defendant occupied the strip in dispute, depending upon whether he held the possession with the intention of claiming the land west of the "old line," regardless of the correctness of that line.

There is another phase of this case raised by the evidence and pressed in brief of counsel for appellant. It involves the right vel non of the plaintiff to recover by reason of prior possession.—*Dothard v. Denson,* 72 Ala. 541, 544; *Mills v. Clayton,* 73 Ala. 359, 360, 361; *Payne v. Crawford,* 102 Ala. 387, 399, 14 South. 854; *Dodge v. Irvington Land Co.,* 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100; 15 Cyc. pp. 30-35. There is evidence tending to show, though not without other opposing testimony, that after an investigation and survey, in which the parties litigant participated, to ascertain the true line between their lands, the defend-

ant relinquished the actual possession to the plaintiff, and that thereupon plaintiff, at least partially, planted the strip in peas. If the plaintiff established, to the reasonable satisfaction of the jury, that he had "prior possession under claim of title, or by exercising acts of ownership through himself or tenants, then he showed a prima facie right of recovery" (*Mills v. Clayton, supra*), which would prevail, unless the defendant showed a better right, which, in this case, it may have been found, under the evidence, was afforded by such anterior (to plaintiff's aforementioned assumption of possession) adverse possession as had theretofore ripened into title in defendant.

The decision of the issues thus arising was erroneously excluded from the jury by the affirmative charge given for defendant. If the strip was not adversely held by defendant when either the Freeman or the McKenzie deed was made, and if the defendant or his predecessors in right had not acquired title by adverse possession, the plaintiff was entitled to recover. And if defendant's adverse possession at the time had avoided, as to defendant, the deed or deeds, and if defendant had no title which adverse possession had perfected in him or in his predecessors, still the plaintiff was entitled to recover, if the prior possession mentioned was enjoyed by him, as his evidence tends to show.—Author, supra.

From the issues of fact and law as we find them, it follows that the court erred in excluding from the jury, upon defendant's motion, the McKenzie deed.

Evidence of the acts and declarations of defendant, if such there were, in and about the investigation and survey to ascertain the true line between their respective tracts was admissible upon the issue of prior pos-

session vel non and upon the issue of adverse posses-
sion vel non.

The judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur,
except Dowdell, C. J., not sitting.