(124 So. 528)

BAUGH v. NORTH ALABAMA COAL & MINERAL CO. (8 Div. 101.)

Supreme Court of Alabama. Oct. 10, 1929.

Rehearing Denied Nov. 29, 1929.

J. A. Lusk, of Guntersville, for appellant.

E. O. McCord & Son, of Gadsden, for appellee.

FOSTER, J.   Appellee sued appellant in statutory ejectment for 80 acres of land. The controversy was limited by the pleading to that .part of it, to wit, 30 acres, situated on top of Sand Mountain. Plaintiff claimed the land from the entryman, James Critcher, in the following manner: A mortgage from the entryman to W. M. McKnight, in 1893, and a transfer of it to plaintiff; a deed from some of the Critcher heirs to plaintiff, dated about 1894, burned in a home fire and not recorded; a deed from some of Critcher's heirs to plaintiff dated April 12, 1926, duly recorded and produced in court.

Defendant claimed the land in the following manner: That T. R. Rice bought the 30 acres in controversy from James Critcher in 1877, paid for it, built a house on it, and "got a paper to it in 1882 or 1883, and that the paper was signed by James Critcher and Harriet Critcher, signed before John S. Harrison a justice of the peace." (No objection was interposed to this evidence.)   No such paper or evidence of its contents was produced.   That Rice had possession six or seven years and sold it to E. D. Manly and put Manly in possession. That it was then all cleared but about 2½ acres. That Manly had possession about two years and went West. That Rice again took possession.   That he had made Manly some kind of paper, its nature not disclosed, and rented it to Morgan Parrish for 2½ years, but Parrish testified that he bought it from John Davison, and paid him $20 for it, but obtained no kind of paper, and remained in possession ten years; that he "sold the possession to Jack Carter," and executed an instrument in the following language:

"Know all men by these presents: That for and in consideration that 40.00 Forty dollars, indebted to A. M. Parrish in the sum of forty dollars which is evidenced by·our note waive promissory note, dated on the 14th day of January, 1914, and due on the 7 day of November, 1914, for forty dollars payable to the said A. M. Parrish, and for the purpose of securing the payment of the same I hereby waive the right to all exemptions under the Constitution and laws of the state of Alabama, and also do grant, bargain, sell and convey to the said Jack Carter, the following described real estate, to-wit:   South part of northeast 4 of south half of section 10 ten township 8, range 4 east, north line being big bluff all said ―――― on top of mountain. I the undersigned sell and convey all my right and possession and title of said land, sold and delivered to said Jack Carter, all on top of mountain in northeast 4 of north 4 of section 10, township 8, range 4 east, lying and being in Marshall County, state of Alabama, thirty (30) acres, to have and to hold to the said ―――― heirs and assigns forever. Upon condition, however that if I pay the amount due on said note above described before or at the time the same falls due, then this conveyance to be void, but if I fail to pay said note in part or in full the said ―――― agent or attorney is hereby authorized to take possession of said property above described and after giving thirty days notice of the time and place of sale in some newspaper published in Marshall County to sell the same to the highest bidder for cash, at the courthouse door of said county, and to execute titles to·the purchaser, and devote the proceeds of said sale to the payment first of the expense of advertising, selling and conveying, second of the amount with interest that ,

may be due on said note, and lastly, if there be any surplus of said proceeds, the same to be returned to the undersigned.

"Witness my hand and seal this 14th day of January, 1914.

"Attest ——— A. M. Parrish [L. S.]"

That Parrish delivered the paper to Jack Carter and put him in possession. He denied renting it from Rice. Carter testified that he bought the land from Parrish in 1914, and received the paper mentioned, and paid $40 for it, and took possession and remained in possession two years, assessed it for taxes and cultivated it; that he turned it over to Romine, who paid $50 for it by paying a debt he owed; Romine kept the land a year and sold it to appellant about 1915; that he assessed it for taxes; that he turned over to appellant the tax receipt, and appellant built a house on it that cost $300 or $400. Appellant also cleared up a lot of the land which had grown up. He testified he bought it and went into possession in 1918; the suit was filed in May, 1926. There was evidence that the land was listed for taxation to Carter from 1914 to 1918, and to Romine for 1918 and 1919, and afterwards to appellant, down to the institution of the suit.

■ A question is here presented as to the introduction of secondary evidence of the contents of the transfer of the mortgage to appellee, and of the deed of 1894 by some of the Critcher heirs to appellee. We think the record does not show reversible error as to this. The objections should have stated the grounds on which they were made with such particularity as to direct to the attention of the court the basis of the objection. This was not done.

■ It also appears that the court charged the jury that the basis of the title of appellee was the patent to Critcher and the deed of 1926 by some of his heirs, and in substance that the deed of 1894 did not materially affect the situation. Considering a charge of this nature, it cannot be said that the evidence of the transfer of the mortgage or deed of 1894 to appellee was prejudicial to appellant. Chitwood v. Blackwood (Ala. Sup.) 124 So. 110;[1] Reynolds v. Massey (Ala. Sup.) 122 So. 29;[2] Bienville Water Supply Co. v. Mobile, 125 Ala. 178, 27 So. 781. Appellee, by virtue of its deed of 1926 and patent to Critcher, was entitled to recover all the land, as the court instructed the jury, unless appellant had acquired it by adverse possession. The other instruments referred to did not therefore affect the issue. The claim of adverse possession of appellant and his predecessors was not influenced in any respect by them, nor was the title of appellee dependent on either of them. Such is the proper interpre-

tation of the oral charge of the court. The only question submitted to the jury as to the right of recovery was whether appellant had acquired the title by adverse possession.

■ In view of such state of the record, given charge (1) for appellee expressed the situation in a manner not prejudicial to appellant.

If the instrument bearing the signature of A. M. Parish is not so contradictory in terms as to be meaningless, it will be noted that the description of the land in it does not adequately embrace that sued for, and therefore it was not useful as color of title. Wyman v. Walker, 177 Ala. 72, 58 So. 403.; Stephens v. Bowen, 209 Ala. 417, 96 So. 331; Hale v. T. C. I. & R. Co., 183 Ala. 507, 62 So. 783.

■ Charge 2 given for appellee correctly construed the instrument in that respect. But it was admissible to show good faith in taking and holding possession. Noble v. Saffold, 181 Ala. .636, 62 So. 515.

■ The substance of the charge refused appellant was fully embraced in the oral charge, and there was no prejudice to appellant in its refusal.

■ The court correctly assumed that, though appellee had a deed signed by only a part of the heirs of James Critcher, it had the right thereby to recover from a stranger to the Critcher title the whole estate, though the recovery in such case inures to the benefit of all who hold the Critcher title. Hood v. Johnston, 210 Ala. 617, 99 So. 75; Hooper v. Bankhead, 171 Ala. 631, 54 So. 549.

■ While there was ample evidence upon which the jury could have rendered a verdict for appellant on the theory of title by adverse possession, though his possession and that of his predecessors were not connected by written evidence (for no such evidence is necessary, Oliver v. Williams, 163 Ala. 376, 50 So. 937; Holt v. Adams, 121 Ala. 664, 25 So. 716), the court charged the jury clearly and fully in that respect. The charge stated the issues conformably to the principles approved in our cases of McCrew v. Lindsey, 209 Ala. 214, 95 So. 898; Earnest v. Fite, 211 Ala. 363, 100 So. 637. The court also overruled a motion for a new trial. We are not disposed to disturb the ruling on that motion.

We have fully considered all the assignments of error and conclude that none of them show prejudicial error, but do not find it necessary to treat them all.

We have arrived at the conclusion that the judgment of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

---

[1] Ante, p. 75.
[2] 219 Ala. 205.